IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO:  3:07 CV–24–S
Electronically Filed

| | | |
|---|---|---|
| ROBERTA GREEN, individually and on behalf of a class of similarly situated persons; WILLIAM R. GREEN, SR., individually and on behalf of a class of similarly situated persons; MICHELLE HORNBACK, individually and as next friend and representative of minor T.R., and on behalf of a class of similarly situated persons; BARBARA NEUSCHWANDER, individually and as next friend and representative of minor L.B., and on behalf of a class of similarly situated persons; HENRY NEUSCHWANDER, individually and on behalf of a class of similarly situated persons; BRANDON BELL, individually and on behalf of a class of similarly situated persons; and BRANDY BELL, individually and as next friend and representative of minor M.F., and on behalf of a class of similarly situated persons; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | JURY TRIAL REQUESTED |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CSX CORP., and CSX TRANSPORTATION, INC., | ) ) ) | |
| Defendants. | ) ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

The Plaintiffs, by and through their attorneys, and pursuant to Fed.R.Civ.P.

15, hereby amend this civil action, which is brought as a class action pursuant to

Fed.R.Civ.P. 23.  They bring the class action on their own behalf and on behalf of the class they represent, seeking injunctive relief and damages.

1.    This class action arises out of a rail car derailment, explosion, chemical fire, and chemical release beginning on January 16, 2007, in or about the towns of Brooks and Shepherdsville in Bullitt County, Kentucky.  The railroad track and rail cars involved in that catastrophe are owned and/or operated by CSX Corporation ("CSX") and/or CSX Transportation, Inc. ("CSXT") (hereinafter collectively referred to as "Defendants").  Plaintiffs allege that the Defendants, on their own accord and through their agents, servants, and employees, caused a massive rail car derailment, explosion, fire, and chemical release into nearby communities.  The substances released from the rail cars involved in the catastrophe were incendiary, dangerous, and ultra hazardous.  Soon after the derailment, a combustion plume spread through neighboring communities resulting in chaos, fear, evacuation, shelter in place, personal injuries, destruction of property, dispossession of property, economic loss, expenses for medications and for medical treatment, and other injuries and damages.  As a result of the derailment, intense fires occurred that affected thousands of persons, including and especially residents of Bullitt County. The Plaintiffs and members of the class they represent seek to secure redress from the Defendants for compensatory damages, punitive damages, equitable relief,

interest, attorneys' fees, and costs.

<u>PARTIES, JURISDICTION, AND VENUE</u>

2.     CSX is incorporated in Virginia and has its principal place of business in Jacksonville, Florida. CSXT is incorporated in Virginia and has its principal place of business in Jacksonville, Florida.

3.     When the derailment, chemical release, ensuing fire, and combustion plume at issue occurred, and afterward, the federal government identified CSX as the entity responsible both for the catastrophe and for actions taken in the attempt to prevent or minimize injuries to public health and the environment.

4.     The federal government identified CSX as the entity responsible for contracting with various other entities to undertake environmental restoration, among other actions, in wake of the catastrophe. One or more of those parties contracted by CSX are Kentucky companies.

5.     Immediately after the catastrophe, CSX, via agents and otherwise, began contacting and contracting with certain Kentucky citizens to extinguish its liability, in whole or part, for harm resulting from the catastrophe.

6.     CSX is the successor to the largest and most storied railroad in the history of Kentucky, the Louisville & Nashville Railroad ("L&N"). It took over the property and operations of the L&N in or about the year 1985. In that year, and

afterward, CSX, in its own name, and/or as successor to the L&N, entered into contracts in connection with its railroads in Kentucky.  Consequently, CSX owns track, rights to track, track sidings, other interests related to track or sidings, and other facilities in Kentucky.

7.    Because of CSX's extensive presence in Kentucky and its historic tie to the state, at least one federal court has found that Kentucky is the home of CSX.

8.    The Board of Directors of CSX is the Board of Directors of CSXT.

9.    The events complained of occurred in Bullitt County, Kentucky.

10.    The Plaintiffs, all of whom are of age and capacity, except for minors T.R., L.B., and M.F., are citizens of Kentucky.  The other class members are citizens of Kentucky, or were located in Kentucky at the time of the events.  The Plaintiffs bring this action in their individual capacities and as the class representatives for all those who are similarly situated.

11.    Jurisdiction of this action is based upon 28 U.S.C. § 1332, as amended by the "Class Action Fairness Act of 2005."  The matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.  The proposed class members number more than one hundred persons, and more than two thirds of those persons are citizens of Kentucky.  The Defendants are not citizens of the State of Kentucky. They are citizens of Virginia and Florida, according to 28 U.S.C. § 1332.

12.     The Defendants have, by virtue of their business activities, designated actual or constructive agents for service in Kentucky.

13.     The Defendants are subject to the jurisdiction of this Court, and venue is proper.

14.     The Plaintiff class representatives are located at the following addresses and represent the following class, identified in sub-classes:

<u>TRESPASS CLASS</u>

15.     Plaintiff Brandon Bell is a citizen of Kentucky who resides at 199 Sarah Way, Apt. 3, Shepherdsville, Kentucky, in Bullitt County.  When the catastrophe occurred, he permanently resided at 596 Huber Station Road, Shepherdsville, in Bullitt County.  His residence at the time of the catastrophe (596 Huber Station Road) was within approximately 600 feet of the site of the derailment and chemical release.  The ensuing fire and chemical and combustion plume engulfed his residence, destroying property and contaminating the residence and its location so much that they are unsafe and uninhabitable even today, six months later.

16.     The chemicals and the combustion plume of the Defendants invaded, engulfed, and trespassed upon Plaintiff Bell's residence and property, forcibly dispossessing him of his residence and his property.  The trespass destroyed or otherwise led to the loss of his personal property, including appliances, furniture,

5

bedding, food, and jewelry.

17.     The trespass upon Plaintiff Bell's property was made by visible, detectable, measurable, and highly dangerous chemicals and particulates produced or released by the Defendants, or caused to be produced or released by them.

18.     As a result of the above trespass, Bell permanently lost his possessory and ownership interests in real property and personal property.  He suffered economic loss caused by costs incurred for utilities and due to the loss of vacation time he had to take to re-settle himself and his family in a new residence.  He was forcibly dispossessed of his home – a condition that persists today.  He suffered mental anguish as a result of the above injuries.

19.     Plaintiff Brandy Bell is the spouse of Plaintiff Brandon Bell and the mother of minor child M.F., who lives with her mother.  Brandy Bell is a citizen of Kentucky who resides at 199 Sarah Way, Apt. 3, Shepherdsville, Kentucky, in Bullitt County.  When the catastrophe occurred, she permanently resided at 596 Huber Station Road, Shepherdsville, in Bullitt County, as did her minor child M.F.  Her residence at the time of the catastrophe (596 Huber Station Road) was within approximately 600 feet of the site of the derailment and chemical release.  The ensuing fire and chemical and combustion plume engulfed her residence, destroying property and rendering the residence and its location unsafe and uninhabitable –

conditions that persist today, six months later.

20.     The chemicals and the combustion plume of the Defendants invaded, engulfed, and trespassed upon Plaintiff Bell's residence and property, forcibly dispossessing her of her residence and her personal property.  The same event forcibly dispossessed her minor child M.F. of her residence and her personal property.  The trespass destroyed or otherwise led to the loss of Bell's and her minor child's personal property, including appliances, furniture, bedding, food, the child's toys, and jewelry.

21.     The trespass upon Plaintiff Bell's property was made by visible, detectable, measurable, and highly dangerous chemicals and particulates produced or released by the Defendants, or caused to be produced or released by them.

22.     As a result of the above trespass, Bell permanently lost her possessory and ownership interests in real property and personal property.  She suffered economic loss caused by costs incurred for utilities.  Her child lost her toys.  Both mother and daughter were forcibly dispossessed of their home – a condition that persists today.  They suffered mental anguish as a result of the above injuries.

<u>PROPERTY DAMAGE CLASS</u>

23.  Plaintiffs Brandon Bell and Brandy Bell, and Brandy Bell's minor child M.F., lost real property and possessory and ownership interests in real property and

7

personal property, as described above, for the reasons set forth above.  They lost the use and enjoyment of their property as set forth above.  They are property-damage claimants and representative of all such claimants for those reasons.

<u>EVACUATION CLASS</u>

24.     Plaintiff Roberta Green is a citizen of Kentucky who resides at 106 Wynding Brook Road, Shepherdsville, Kentucky, in Bullitt County.  Because of the catastrophe, she was ordered from her home and remained away from it as an evacuee for a period of approximately one day beginning on January 16, 2007.  She brings this action individually and on behalf of all others similarly situated, as more specifically defined below, and she is an adequate representative of said sub class. Plaintiff seeks certification for this sub class under Fed.R.Civ.P. 23(c)(4).

25.     Plaintiff William R. Green, Sr., is a citizen of Kentucky who resides at 106 Wynding Brook Road, Shepherdsville, Kentucky, in Bullitt County.  Because of the catastrophe, he was ordered from his home and remained away from it as an evacuee for a period of approximately one day beginning on January 16, 2007.  He brings this action individually and on behalf of all others similarly situated, as more specifically defined below, and he is an adequate representative of said sub class. Plaintiff seeks certification for this sub class under Fed.R.Civ.P. 23(c)(4).

26.     Plaintiff Michelle Hornback is a citizen of Kentucky who resides at 106

8

Wynding Brook Road, Shepherdsville, Kentucky, in Bullitt County. She is the next friend and representative of her minor child T.R., who resides with her. Because of the catastrophe, Hornback and her minor child were ordered from their home and remained away from it as evacuees beginning on January 16, 2007. Hornback brings this action individually and for her minor child, and on behalf of all others similarly situated, as more specifically defined below. She is an adequate representative of said sub class. Plaintiff seeks certification for this sub class under Fed.R.Civ.P. 23(c)(4).

<u>SHELTER IN PLACE CLASS</u>

27.     Plaintiff Barbara Neuschwander is a citizen of Kentucky who resides at 165 North Buckman, Apt. E 1, Shepherdsville, Kentucky, in Bullitt County. She is the next friend and representative of her minor child L.B., who resides with her. Because of the catastrophe, Neuschwander and her minor child were ordered to shelter in place in their residence for a period of approximately one day beginning on January 16, 2007. Neuschwander brings this action individually and for her minor child, and on behalf of all others similarly situated, as more specifically defined below. She is an adequate representative of said sub class. Plaintiff seeks certification for this sub class under Fed.R.Civ.P. 23(c)(4).

28.     Plaintiff Henry Neuschwander is a citizen of Kentucky who resides at

165 North Buckman, Apt. E 1, Shepherdsville, Kentucky, in Bullitt County.  Because of the catastrophe, he was ordered to shelter in place in his residence for a period of approximately one day beginning on January 16, 2007.  He brings this action individually and on behalf of all others similarly situated, as more specifically defined below.  He is an adequate representative of said sub class.  Plaintiff seeks certification for this sub class under Fed.R.Civ.P. 23(c)(4).

ECONOMIC LOSS CLASS

29.     Plaintiff Henry Neuschwander is a citizen of Kentucky who resides at 165 North Buckman, Apt. E 1, Shepherdsville, Kentucky, in Bullitt County.  Because of the catastrophe, he lost one day of wages from his full time, hourly employment at a major commercial concern in the area affected by the catastrophe.  He brings this action individually and on behalf of all others similarly situated, as more specifically defined below.  He is an adequate representative of said sub class.  Plaintiff seeks certification for this sub class under Fed.R.Civ.P. 23(c)(4).

30.     Plaintiff Brandon Bell is a citizen of Kentucky who resides at 199 Sarah Way, Apt. 3, Shepherdsville, Kentucky, in Bullitt County.  When the catastrophe occurred, he permanently resided at 596 Huber Station Road, Shepherdsville, in Bullitt County.  His residence at the time of the catastrophe (596 Huber Station Road) was within approximately 600 feet of the site of the derailment and chemical

release.  The ensuing fire and chemical and combustion plume engulfed his residence, destroying property and rendering the residence and its location unsafe and uninhabitable – conditions that persist today.  He lost vacation time and other benefits or money as a result of being forcibly dispossessed of his home when it was invaded, engulfed, and contaminated by the Defendants.  He suffered those economic losses as a result of, inter alia, having to re-settle and establish a new residence for himself, his wife, and his wife's minor child.

<u>PERSONAL INJURY CLASS</u>

31.    Plaintiff Barbara Neuschwander is a citizen of Kentucky who resides at 165 North Buckman, Apt. E 1, Shepherdsville, Kentucky, in Bullitt County.  She is the next friend and representative of her minor child L.B., who resides with her. Because of the catastrophe,  Neuschwander and her minor child inhaled and were exposed to (a) detectable and harmful chemicals released by the derailed train cars, and (b) visible and harmful pyrogenic products of the combustion that resulted from the derailment.  Neuschwander and her minor child suffered personal injuries as a result of that inhalation and exposure, including but not limited to physical injuries and mental anguish.

31.a.   Neuschwander suffered multiple severe asthmatic attacks as a result of her exposure to and inhalation of the Defendants' contaminants, and she was treated

on an emergency basis for those injuries.  She also suffered headaches and nausea as a result of her exposure and inhalation, as described.

31.b.   Neuschwander's minor child L.B., also as a result of the exposure and inhalation described, suffered watery eyes and throat injury and irritation which created a severe infection.  The throat infection required medical treatment and prescription drug therapy, and it caused the child to miss school for one week.  The child suffers after-effects of the infection even today, six months later.

32.   Neuschwander brings this action individually and for her minor child, and on behalf of all others similarly situated, as more specifically defined below. She is an adequate representative of said sub class.  Plaintiff seeks certification for this sub class under Fed.R.Civ.P. 23(c)(4).

33.   Plaintiff Henry Neuschwander is a citizen of Kentucky who resides at 165 North Buckman, Apt. E 1, Shepherdsville, Kentucky, in Bullitt County.  Because of the catastrophe, Neuschwander inhaled and was exposed to (a) detectable and harmful chemicals released by the derailed train cars, and (b) visible and harmful pyrogenic products of the combustion that resulted from the derailment. Neuschwander suffered personal injuries as a result of that inhalation and exposure, including headache, constricted chest, and watery eyes.

34.   Neuschwander brings this action individually and on behalf of all

12

others similarly situated, as more specifically defined below.  He is an adequate representative of said sub class.  Plaintiff seeks certification for this sub class under Fed.R.Civ.P. 23(c)(4).

35.     Plaintiff Brandy Bell is a citizen of Kentucky who resides at 199 Sarah Way, Apt. 3, Shepherdsville, Kentucky, in Bullitt County.  When the catastrophe occurred, she permanently resided at 596 Huber Station Road, Shepherdsville, in Bullitt County.  Her residence at the time of the catastrophe (596 Huber Station Road) was within approximately 600 feet of the site of the derailment, chemical release, and ensuing fire.  She was home when the catastrophe occurred.  The fire and chemical and combustion plume engulfed the home, trapping her, and caused her to suffer inhalation and exposure injuries and other harm.  She was rescued from the home approximately three hours after the catastrophe began, and the firefighters who rescued her immediately took her to a nearby hospital for emergency decontamination and emergency medical treatment.  She suffered acute distress, elevated heart rate, burning sensations in the eyes and lungs, constricted chest and labored breathing, gastrointestinal distress, fear of imminent harm, and profound mental anguish.  Each of those physical injuries was caused by the catastrophe, as described.  She returned for additional medical treatment approximately one week later.

36.     Bell brings this action individually and on behalf of all others similarly situated, as more specifically defined below.  She is an adequate representative of said sub class.  She seeks certification for this sub class under Fed.R.Civ.P. 23(c)(4).

## CLASS ACTION ALLEGATIONS

37.     This action is brought by the Plaintiffs, individually and in their representative capacities, as a class action on their own behalf and on behalf of all others similarly situated, under the provisions of the Federal Rules of Civil Procedure, specifically subdivisions (a), (b)(2), (b)(3), and (c) of Rule 23.

38.     The Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39.     The Plaintiffs have possessory interests in property within the area affected by the derailment, fire, chemical release, and combustion plume.  As a direct and proximate result of the catastrophe, the Plaintiffs and persons similarly situated to them have suffered damage to and/or destruction of their property interests and have been deprived of the normal use and enjoyment of their property. They have incurred other injuries.

40.     The areas affected by the catastrophe are located within the geographical boundaries of Bullitt County.  The class boundaries will be more

14

specifically defined by subsequent pleadings when more information becomes known through discovery.  Presently, the Plaintiffs allege that (a) the trespass sub-class consists of the class representatives and all those similarly situated whose persons and/or property were invaded and harmed by the visible, detectable, measurable, and dangerous substances, (b) the property damage sub-class consists of the class representatives and all those similarly situated whose real property and/or personal property were destroyed or damaged by the visible, detectable, measurable, and dangerous substances, (c) the evacuation sub class consists of the class representatives and all those similarly situated who were evacuated from and/or forcibly dispossessed of their homes within an approximate one mile radius of the catastrophe, (d) the shelter-in-place sub-class consists of the class representatives and all those similarly situated within an area substantially larger area than the evacuation area, beginning approximately one mile from the site of the derailment and fire and extending over a significant portion of Bullitt County, (e) the personal injury sub-class consists of the class representatives and all those similarly situated who inhaled and/or were exposed to the substances at issue and were physically injured as a result, and (f) the economic loss sub-class consists of the class representative and all those similarly situated within the evacuation area, the shelter-in-place area, and locations falling outside the evacuation and

shelter-in-place areas.

41.     The Plaintiffs seek monetary damages to compensate them and members of the class for evacuation and dispossession and costs attendant thereto; shelter in place; loss of use and enjoyment of property; destruction or damage of property; loss of quality of life; personal injuries; costs of medication and medical treatment; and economic losses including but not limited to lost income.

42.     The Plaintiffs seek equitable relief, damages, and all costs, expert witness fees, attorneys' fees, and interest.

43.     The derailment and fire released cyclohexane, butadiene, ethyl methyl ketone, and other hazardous or ultra-hazardous chemicals and particulates into the air and water, and onto the soil and flora, of the areas affected.  Those chemicals and particulates were visible, detectable, measurable, and invasive.  They contaminated property in detectable amounts.  The Plaintiffs were and are exposed to those chemicals and particulates, suffering physical injuries, property damage, loss of property, economic loss, and mental anguish as a result.  They seek compensation for those injuries and for the present and future cost of medical care.

44.     The catastrophe produced and/or released substances hazardous to human health, as reported by the United States Environmental Protection Agency and other agencies.  For that reason, public safety authorities ordered residents near

the site of the derailment and fire to evacuate their homes. The neighborhood (Ruhl Acres) where Plaintiffs Roberta Green, William R. Green, Sr., Michelle Hornback, and T.R. (by next friend and representative) resided was evacuated pursuant to that order. Other residential neighborhoods were similarly evacuated. Plaintiffs Brandon and Brandy Bell were forcibly dispossessed of their home, with Brandy Bell, who was home at the time, saved from further personal harm by the intrepidity of firefighters who rescued her. The Plaintiffs seek compensation for the evacuation, dispossession, and all injuries involved.

45.     Public-safety authorities ordered residents of Bullitt County to shelter in place to avoid as much as possible exposure to the dangerous plume of particulates and substances produced by the catastrophe. That order, and the human exposure that occurred despite both the order and the residents' efforts to comply with the order, affected and potentially may affect a significant portion of Bullitt County's approximately seventy thousand inhabitants. The area where Plaintiffs Barbara Neuschwander, Henry Neuschwander, and L.B. (by next friend and representative) reside was well within the geographical bounds of that order. The Plaintiffs seek compensation for all injuries resulting from the shelter in place and the exposure.

46.     Businesses and their employees lost income, and/or incurred costs, as

17

a result of the catastrophe.  The Plaintiffs seek compensation for all such economic loss.

47.    The Plaintiffs seek exemplary and punitive damages because the Defendants' actions were wanton, willful, grossly negligent, and carried out in reckless, conscious disregard of the potential for harm to others.

48.    Common questions of law and fact predominate with respect to the issues raised herein.  The only individual questions affecting individual members of the class are the precise amount and measure of damages to which each class member is entitled.  There are many common questions of law and fact with respect to the class regarding the Defendants' liability for the catastrophe, including but not limited to whether the Defendants' conduct and/or actions have been intentional, negligent, wanton, a nuisance, or otherwise wrongful.   Furthermore, common questions include:  (1) the cause and origin of the catastrophe, (2) violations of the applicable rules, codes, and regulations, (3) violations of standards of care, (4) negligence precipitating the catastrophe and any failure to supervise, train and otherwise manage employees responsible for the train cars involved, (5) failure to implement and follow safe operations procedures, (6) failure to mitigate, evacuate, and otherwise prevent the catastrophe; (7) extent and severity of the trespass upon and nuisance to the Plaintiffs and their property; (8) failure to timely warn persons

18

at risk from the dangerousness of the catastrophe; and (9) liability for punitive damages.

49.     The claims of the representative Plaintiffs are typical of the claims of all class members.  The claims of all members of the class including the Plaintiffs depend on showing that acts and/or omissions of the Defendants caused the injuries of the Plaintiffs and give rise to the Plaintiffs' rights to the relief sought herein.  Each Plaintiff was injured in a common manner by the Defendants.  There is no conflict between any individually named Plaintiff and any other members of the class with respect to this action, or with respect to any or all of the claims for relief herein set forth.

50.     Plaintiffs will fairly and adequately protect the interests of the class. The interests of the class representatives are consistent with those of the other members of the class.  In addition, the Plaintiffs are represented by experienced and able counsel who have expertise in the areas of railroad law, environmental law, tort law, trial practice, and class action representation.

51.     The class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

## COUNTS

### COUNT ONE – NUISANCE

52.    To support this count, the Plaintiffs repeat and re-allege all allegations contained in the prior paragraphs of this Amended Complaint.

53.    Through their acts and omissions in allowing toxic and hazardous substances and particulates to enter upon and spoil the Plaintiffs' property, the Defendants created a nuisance upon such property by owning or operating a railroad and/or rail cars in such a way as to allow a nuisance to be produced upon the property.  Said nuisance was injurious to the Plaintiffs.  The spoiling and dangerous substances of the Defendants were and/or are visible, detectable, measurable, and invasive.

54.    Defendants, by allowing toxic, hazardous, and incendiary chemicals to be loaded and transported in such ways as to release and ignite, spoiled and caused harm to the Plaintiffs' property and forced the evacuation, dispossession, or shelter in place of the Plaintiffs and the members of the class they represent.

55.    Said nuisance, as to the Plaintiffs and those similarly situated to them, has adversely affected life and health, has destroyed or damaged property, has forcibly dispossessed persons of property, and has interfered with the comfortable use and enjoyment of life and property.  It has diminished Plaintiffs' lives, has

caused the Plaintiffs' injuries, and has thereby created a common-law nuisance, liability for which attaches to the Defendants for causing the nuisance.

56.     By reason of the foregoing, the Plaintiffs and members of the class have been damaged by the Defendants, and all relief set forth in the Ad Damnum clause below is due.

<u>COUNT TWO – TRESPASS</u>

57.     To support this count, the Plaintiffs repeat and re-allege all allegations contained in the prior paragraphs of this Amended Complaint.

58.     The Defendants caused and allowed incendiary, toxic, and hazardous chemicals, substances, and particulates to escape containment and enter into areas in Bullitt County, including onto properties and onto persons of the Plaintiffs and members of the class they represent.  The dangerous and injurious substances of the Defendants were and/or are visible, detectable, measurable, and invasive.  As a result, the Plaintiffs' persons and properties were and have been invaded and harmed by matter which contaminates and/or destroys property and causes injuries to humans.  Those circumstances constitute trespass on property and into dwelling places and a personal trespass upon the Plaintiffs and members of the class they represent.

59.     Said trespass, as to the Plaintiffs and those similarly situated to them,

has damaged or destroyed property, forcibly dispossessed persons of property, injured life and health, and caused other harms.  It has proximately harmed the Plaintiffs and those similarly situated to them, for reasons of which the Defendants are liable to the Plaintiffs and the members of the class they represent.

60.     By reason of the foregoing, the Plaintiffs and members of the class have been damaged by the Defendants, and all relief set forth in the Ad Damnum clause below is due.

COUNT THREE - NEGLIGENCE

(Part A, Transportation/Operations)

61.     To support this count, the Plaintiffs repeat and re-allege all allegations contained in the prior paragraphs of this Amended Complaint.

62.     Upon information and belief, at all times while the Defendants owned and/or operated said rail cars, and at all times while they owned or operated said rail cars over the road on which the catastrophe occurred, Defendants knew or in the exercise of reasonable care should have known that the negligent operation of said rail cars, and/or of said road, could cause damage to the Plaintiffs and the class members.   Defendants further knew that dangerous substances, including incendiary, toxic, and hazardous substances, chemicals, and particulates, were present which were capable of causing human injury by igniting, spreading, and

22

contaminating water, air, and soil in Bullitt County.

63.     In the process of operating their rail cars and the road over which the rail cars traveled, and in loading and handling large quantities of incendiary, toxic, and hazardous substances, the Defendants created foreseeable risks of harm to the Plaintiffs and the class which Defendants knew or in the exercise of reasonable care should have known.

64.     The damages sustained by Plaintiffs and the class are and were proximately caused by the negligence of the Defendants in failing to guard against and prevent the aforementioned foreseeable risks from materializing.   The Defendants negligently operated the rail cars and/or the road where the catastrophe occurred and failed to take all due and proper measures to prevent the catastrophe from occurring.  Defendants failed to operate the cars and/or road in a safe manner and neglected to adequately monitor for safety the operations of the cars and/or road.  The Plaintiffs and the class were foreseeable victims of these negligent acts and omissions, and they sustained damages from the acts and omissions.

65.     The Defendants owed the Plaintiffs and the class duties of care. Those duties of care are defined by common law and statutory rules, codes, and regulations.   Defendants breached these duties defined by statute, code, rule, regulation and common law.  The Defendants' breach of the duties proximately

caused harm to the Plaintiffs and the class.  The Plaintiffs and the class were damaged as a result, and they in no way contributed to the injuries and damages they sustained.

66.    By reason of the foregoing, the Plaintiffs and members of the class have been damaged by the Defendants, and all relief set forth in the Ad Damnum clause below is due.

<u>COUNT THREE - NEGLIGENCE</u>

(Part B, Duty to Warn)

67.    To support this count, the Plaintiffs repeat and re-allege all allegations contained in the prior paragraphs of this Amended Complaint.

68.    The Defendants did not timely and/or fully warn the Plaintiffs and the class of the dangerousness of the catastrophe.  Many hours lapsed before the Plaintiffs and the class learned of the risks to health and property posed by the catastrophe, if they fully learned of those risks at all.  Earlier warnings and/or more complete warnings would have prevented some or much of the injurious human exposure to the hazardous chemicals released by the derailment and fire.

69.    The Defendants had a duty to warn arising in conscience, common law, and/or statutory rules, codes, and regulations.  They breached that duty.  The breach was wanton, willful, and/or grossly negligent.  The failure to timely and/or

fully warn was carried out in reckless, conscious disregard of the potential for harm to others.

70.    By reason of the foregoing, the Plaintiffs and the class have been damaged by the Defendants, and all relief set forth in the Ad Damnum clause below is due.  In particular, insofar as any aforementioned act, omission, or breach of duty of the Defendants was wanton, willful, grossly negligent, and/or carried out in reckless disregard of the potential for harm to others, the imposition of exemplary or punitive damages is warranted.

<u>COUNT FOUR - STRICT LIABILITY</u>

71.    To support this count, the Plaintiffs repeat and re-allege all allegations contained in the prior paragraphs of this Amended Complaint.

72.    The Defendants were the operator of rail cars that contained abnormally dangerous and/or extremely hazardous chemical and contaminants.

73.    By virtue of the chemicals they contained, said rail cars were inherently dangerous and subject to combustion, explosion, and rupture, regardless of the precautions employed by Defendants.

74.    The Defendants could not conduct the operation of the rail cars in complete safety, and the Plaintiffs and the class were at risks of harm.

75.    As a direct and proximate result of Defendants' inherently dangerous,

extremely hazardous and abnormally dangerous activities, the Plaintiffs and the class have been damaged.

76.     By reason of the foregoing, all relief set forth in the Ad Damnum clause below is due.

<u>**AD DAMNUM CLAUSE**</u>

**WHEREFORE**, the Plaintiffs and members of Plaintiffs' class pray that they be awarded compensatory and punitive damages and recover judgment against Defendants for the following:

1.     Reasonable and just compensation for injuries to property, damage to and/or destruction of interests in property, evacuation, shelter in place, and loss of use and enjoyment of property belonging to Plaintiffs and members of the class within the areas affected by the catastrophe;

2.     All expenses and economic losses, including but not limited to lost income and out of pocket expenses attendant to evacuation, dispossession, and/or shelter in place;

3.     Reasonable and just compensation and punitive damages for personal injuries, present and future medical expenses, nuisance, trespass, negligence, and strict liability, in amounts to be determined by a jury, to the utmost amounts allowed by law;

4.      Appropriate attorney fees and costs and expenses incurred in connection with the litigation of this matter;

5.      For an injunction requiring the Defendants to clean, make safe, and/or replace the Plaintiffs' property;

6.      That, if necessary, summons and process issue as to the Defendants and that, if necessary, the Defendants be served Summons and a copy of this First Amended Class Action Complaint, and that Defendants be required to appear and answer;

7.      That this case be certified as a class action pursuant to applicable Federal Rules of Civil Procedure; and

8.      For such other and further relief as this Court may deem just, proper, and equitable.

### PLAINTIFFS DEMAND A TRIAL BY JURY.

Filed this 10th day of July, 2007.

HENINGER GARRISON DAVIS, LLC


By: /s/ W. Lewis Garrison, Jr.
Timothy C. Davis
William L. Bross
Counsel for Plaintiffs
2224 First Avenue North
Birmingham, AL 35203
205 326 3336

27

205 326 3332 (fax)
wlgarrison@hgdlawfirm.com

**Of Counsel:**

Lee L. Coleman
Ryan C. Reed
HUGHES & COLEMAN
1256 Campbell Lane, Suite 201
P.O. Box 10120
Bowling Green, KY 42102
(270)782-6000
Fax (270)843-0446
lcoleman@hughesandcoleman.com
rreed@hughesandcoleman.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 10th day of July, I electronically filed the foregoing with the Clerk of Court using the EM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Edward H. Stopher
Darryl S. Lavery
BOEHL STOPHER & GRAVES, LLP
AEGON Center Suite 2300
400 W. Market Street
Louisville, KY 40202-3354

Knox D. Nunnally
Scott Statham
Sandra G. Rodriguez
VINSON & ELKINS L.L.P.
1001 Fanin Street, Suite 2500
Houston TX 77002-6760

<u>/s/ W. Lewis Garrison, Jr.</u>