UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERTA GREEN, individually and on behalf of
a class of similarly situated persons, et al.                                    PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 3:07CV-24-S

CSX CORPORATION, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, CSX Corporation, to dismiss the First Amended Class Action Complaint (DN 15) pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction.[1]

This matter arose from the January 16, 2007 train derailment and chemical spill near Shepherdsville, Kentucky. The plaintiffs have filed suit alleging personal injury and property damage under theories of negligence, strict liability, nuisance, and trespass. They also claim to represent the interests of others and plan to seek class certification in this matter.

The amended complaint alleges that

The railroad track and rail cars involved in that catastrophe are owned and/or operated by CSX Corporation ("CSX") and/or CSX Transportation, Inc. ("CSXT")...

---

[1] The motion seeks alternatively to dismiss for improper process, improper service of process, and for failure to state a claim upon which relief may be granted. As we find that there is no personal jurisdiction over CSX Corporation, we need not address the matters of process and service of process. CSX Transportation, Inc. has filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted which raises the same challenges to the amended complaint as those made by CSX Corporation. Should the court's decision on personal jurisdiction be found to be in error, the decision of the court on CSX Transportation's motion applies equally to the motion of CSX Corporation.

> When the derailment occurred...and afterward...the federal government identified CSX as the entity responsible both for the catastrophe and for actions taken in the attempt to prevent or minimize injuries...
>
> The federal government identified CSX as the entity responsible for contracting with various other entities to undertake environmental restoration, among other actions, in the wake of the catastrophe. One or more of those parties contracted by CSX are Kentucky Companies...
>
> Immediately after the catastrophe, CSX, via agents and otherwise, began contacting and contracting with certain Kentucky citizens to extinguish its liability, in whole or in part, for harm resulting from the catastrophe...
>
> CSX, in its own name, and/or as successor to L & N, entered intro contracts in connection with its railroads in Kentucky. Consequently, CSX owns track, rights to track, track sidings, other interests related to track or sidings, and other facilities in Kentucky...
>
> Because of CSX's extensive presence in Kentucky and its historic tie to the state, at least one federal court has found that Kentucky is the home of CSX...
>
> The Board of Directors of CSX is the Board of Directors of CSXT.

First Amended Class Action Complaint, ¶¶ 1,3-8.

In support of its motion, CSX Corporation has submitted two affidavits of Nathan D. Goldman, its Assistant Corporate Secretary, who declares that CSX Corporation (1) is not and has not ever been a Kentucky corporate citizen, (2) was incorporated under the laws of the Commonwealth of Virginia and has its principal place of business in Florida, (3) CSX is not licensed to do business in Kentucky, (4) is a holding company who owns various subsidiaries, including CSX Transportation, Inc., (5) is not and never has been a common carrier railroad, and does not own locomotives, rail cars, track, roadbed, or any other railroad equipment, (6) does not and has not constructed, maintained or operated trains, railroad equipment, or track, and (7) does not and has not had an office, officers, employees, registered agent, telephone listing, bank account, mailing address, assets or property in Kentucky.

Based upon these affidavits, CSX Corporation seeks dismissal of the complaint as to it on the ground that it did not possess minimum contacts with Kentucky which would satisfy the requirements for the assertion of long-arm jurisdiction over it. We apply the law of Kentucky when determining in a diversity case whether personal jurisdiction exists of a non-resident defendant. *Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991). The plaintiffs bear the burden of establishing that jurisdiction exists. *Id.* The court is required to consider the pleading and affidavits in the light most favorable to the plaintiffs. *Market/Media Research, Inc. v. Union-Tribune Publishing Company*, 951 F.2d 102 (6th Cir. 1991), *citing, American Greeting Corp. v. Cohn*, 839 F.2d 1164 (6th Cir. 1988); *Welsh v. Gibbs*, 631 F.2d 436 (6th Cir. 1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). The court has discretion to determine whether the jurisdictional issue may be decided on written submissions. *Serras v. First Tennessee Bank National Association*, 875 F.2d 1212 (6th Cir. 1989). If the court rules on written submissions alone, the plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, by affidavit or otherwise, specific facts showing that the court has jurisdiction. *Id.* at 1214, *quoting, Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974). The plaintiffs' burden is merely to make a *prima facie* showing that personal jurisdiction exits to defeat a 12(b)(2) motion. *Welsh,* 631 F.2d at 438.

In opposition to the motion, the plaintiffs refer to a number of documents and raise a number of arguments why CSX is properly sued in this action. We will address these matters *seriatim*.

The plaintiffs submit a number of pollution reports generated by the EPA after the derailment. The documents refer to a "CSX train derailment," "CSX," and to "CSX and its contractors." The plaintiffs would have the court infer that because the EPA used "CSX" rather than "CSXT" in its reports, that CSX Corporation owned and was responsible for the train and track

and the resulting incident. There is nothing to support the drawing of such an inference. "CSX" is not descriptive of corporate ownership.[2] No such inference can be implied in the light of the unrefuted affidavits of Goldman that CSX Corporation is a holding company.[3] In fact, the plaintiffs provided the SEC 10-K filing for CSX Corporation which states that it "owns companies providing rail, intermodal and rail-to-truck transload services..." It lists CSX Transportation Inc. as its "principal operating company...[which] operates the largest railroad in the eastern United States..." SEC 10-K, p. 3.[4]

The plaintiffs offer several documents from the csx.com website in support of the contention that CSX Corporation owns trains, track and track. However, the maps bear the logo of CSX Transportation and refer to the rate districts (which is what the maps purport to depict) as "CSXT-Jellico-Middlesboro Rate District," CSXT-Harlan Rate District," "CSXT-Hazard Rate District," etc. There is no indication from these documents that CSX Corporation owns or operates trains, tracks, or any such facilities. In light of the content of these documents and the Goldman affidavits, the plaintiffs have failed to refute CSX Corporation's bases for dismissal.

Finally, the plaintiffs cite *Coultman v. National Railroad Passenger Corp.*, 857 F.Supp. 231 (E.D.N.Y. 1994) for the assertion that a federal court has found Kentucky to be the "home" of CSX Corporation. That case, however, involved CSX Transportation, Inc., not CSX Corporation.

---

[2]Should there be any question, one need only refer to www.epaosc.net/CSX_BrooksKY, a webpage cited at the bottom of each page of the EPA reports. On that page, the EPA states "On Tuesday, January 16, 2007, a CSX Transportation freight train derailed near CSXT milepost 000015 in Brooks, Ky...EPA and the Kentucky Department of Environmental protection (KYDEP) are working jointly to oversee the work performed by CSXT."

[3]The plaintiffs also attach a letter drafted by their counsel to CSX Transportation requesting records of contract work with a number of Louisville companies. In this letter, counsel refers to the defendants collectively as "CSX/CSXT" or "CSX and/or CSXT." This letter is apropos of nothing. It is not evidence.

[4]The plaintiffs also note from the SEC filing that there is common participation on both boards of directors. This fact alone is insufficient to suggest an alter ego relationship.

In sum, the materials offered by the plaintiffs do not support their assertion of personal jurisdiction over CSX Corporation in this case. They have shown nothing to establish that CSX Corporation is an entity with Kentucky contacts. CSX Corporation has not been shown to have had continuous and systematic contacts with Kentucky which would justify the exercise of general jurisdiction over it in this instance. *See, Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147 (6th Cir. 1997). Indeed, CSX Corporation has not been shown to have had Kentucky contacts at all. The affidavits of Goldman directly refute the allegations that it is licensed in Kentucky and doing business in Kentucky. When the documents have been reviewed and the inferential allegations made from them have been challenged by the defendant, the plaintiffs the plaintiffs must show something more than suggestion or supposition. *Serras, supra*. As the plaintiffs have failed to controvert the Goldman affidavits, but rather simply rest on these statements, there is nothing on which to base a finding that CSX Corporation has the requisite minimum contacts with Kentucky upon which to premise a finding of personal jurisdiction.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, CSX Corporation, to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2)(DN 15) is **GRANTED** and the First Amended Class Action Complaint is **DISMISSED AS TO IT.**

**IT IS SO ORDERED.**