**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**ELECTRONICALLY FILED**

| | | |
|---|---|---|
| ROBERTA GREEN, individually and | § | |
| on behalf of a class of similarly situated | § | |
| persons; WILLIAM R. GREEN, SR.; | § | |
| individually and on behalf of a class of | § | |
| similarly situated persons; MICHELLE | § | |
| HORNBACK, individually and as next | § | |
| friend and representative of minor T.R., | § | CIVIL  ACTION  NO.  3:07CV-24-S |
| and on behalf of a class of | § | |
| similarly situated persons; BARBARA | § | JURY TRIAL REQUESTED |
| NEUSCHWANDER, individually and as next | § | |
| friend and representative of minor L.B., | § | |
| and on behalf of a class of similarly | § | |
| situated persons; and HENRY | § | |
| NEUSCHWANDER, individually and on behalf | § | |
| behalf of a class of similarly situated persons; | § | |
| BRANDON BELL, individually and on behalf of | § | |
| a class of similarly situated persons; and | § | |
| BRANDY BELL, individually and as next friend | § | |
| and representative of minor M.F., and on behalf | § | |
| of a class of similarly situated persons; | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CSX CORP., and | § | |
| CSX TRANSPORTATION, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT CSX TRANSPORTATION, INC.'S ORIGINAL ANSWER

CSX Transportation, Inc. files its Original Answer in response to Plaintiffs' First

Amended Class Action Complaint.  Defendant CSX Transportation, Inc. responds as follows to

the allegations contained in Plaintiffs' First Amended Class Action Complaint that are directed

to CSX Transportation, Inc.  CSX Transportation, Inc. states that no response by it is required to

the allegations contained in Plaintiffs' First Amended Class Action Complaint that are directed to CSX Corporation, which is an entity separate and distinct from CSX Transportation, Inc.

1.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 1 of Plaintiffs' First Amended Class Action Complaint, except admits that this action arises out of a rail car derailment, explosion, chemical fire, and chemical release beginning on January 16, 2007 in an unincorporated area several miles north of Shepardsville, Kentucky; that CSX Transportation, Inc. owned and maintained the track that the train at issue was traveling on at the time of the derailment; that CSX Transportation, Inc. operated the locomotive that was pulling the rail cars that derailed; that upon information and belief, CSX Transportation, Inc. owns two of the twenty-six rail cars that derailed; that after the derailment, certain chemicals were released into the air after the derailment and fire; that cyclohexane, butadiene, methyl ethyl ketone were included in the contents of one or more of the rail cars that derailed on January 16, 2007; that cyclohexane, butadiene, methyl ethyl ketone are classified as "hazardous materials" under federal regulation 49 C.F.R. § 172.101, Hazardous Materials Table, but denies that the chemicals transported on the rail cars that derailed on January 16, 2007 posed a hazard to Plaintiffs; that after the derailment, certain homes were evacuated in the hours and days following the derailment; that after the derailment, authorities advised certain residents to remain in their homes for some period of time; and states that it is aware that some individuals incurred expenses for medical treatment after the derailment; and admits that Plaintiffs seek recovery of the relief asserted in paragraph 1 but CSXT denies that it is liable to Plaintiffs for any relief.

**As to Parties, Jurisdiction And Venue**

2.     CSX Transportation, Inc. admits the allegations contained in paragraph 2 of Plaintiffs' First Amended Class Action Complaint relating to CSX Transportation, Inc.

3.        CSX Transportation, Inc. states that no response is required to Plaintiffs' allegations contained in paragraph 3 of Plaintiffs' First Amended Class Action Complaint, as they are directed to CSX Corporation.[1]

4.        CSX Transportation, Inc. states that no response is required to Plaintiffs' allegations contained in paragraph 4 of Plaintiffs' First Amended Class Action Complaint, as they are directed to CSX Corporation.

5.        CSX Transportation, Inc. states that no response is required to Plaintiffs' allegations contained in paragraph 5 of Plaintiffs' First Amended Class Action Complaint, as they are directed to CSX Corporation.

6.        CSX Transportation, Inc. states that no response is required to Plaintiffs' allegations contained in paragraph 6 of Plaintiffs' First Amended Class Action Complaint, as they are directed to CSX Corporation.

7.        CSX Transportation, Inc. states that no response is required to Plaintiffs' allegations contained in paragraph 7 of Plaintiffs' First Amended Class Action Complaint, as they are directed to CSX Corporation.

8.        CSX Transportation, Inc. denies the allegation contained in paragraph 8 of Plaintiffs' First Amended Class Action Complaint that "the Board of Directors of CSX [Corporation] is the Board of Directors of CSXT."

9.        CSX Transportation, Inc. admits the allegations contained in paragraph 9 to the extent that the term "the events complained of" refers to the derailment that occurred on January 16, 2007.

---

[1] Plaintiffs have directed allegations 3 – 7 solely to "CSX" and Plaintiffs have defined CSX Corporation as "CSX." Plaintiffs' First Amended Class Action Complaint at ¶ 1.

10.     CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiffs' First Amended Class Action Complaint regarding the citizenship of the Plaintiffs and the citizenship or "location" of other alleged "class members" at the time of the derailment.  CSX Transportation, Inc. admits that Plaintiffs have pleaded that they are bringing this action in their individual capacities and as the alleged class representatives for those similarly situated, but denies that this case should be certified as a class action.

11.     CSX Transportation, Inc. admits the allegations contained in paragraph 11 of Plaintiffs' First Amended Class Action Complaint, but denies that this case should be certified as a class action, but denies that this case should be certified as a class action.

12.     CSX Transportation admits that it has specifically designated Corporation Services Company d/b/a CSC-Lawyers Incorporating Service Street Company, 421 West Main Street, Frankfort, Kentucky, as its agent for service of process in Kentucky.  CSX Transportation denies that it has "by virtue of [its] business activities," designated any other agent "actual or constructive" for service in Kentucky as alleged by Plaintiffs in paragraph 12.

13.     CSX Transportation, Inc. admits the allegations contained in paragraph 13 of Plaintiffs' First Amended Class Action Complaint.

14.     Plaintiffs' allegation in paragraph 14 that the "Plaintiff class representatives are located at the following addresses" as set forth ¶¶ 15-36 is responded to by CSX Transportation, Inc. in its responses to ¶¶ 15-36.

**As to Trespass Class**

15.     CSX Transportation, Inc. admits that Plaintiff Brandon Bell's residence at the time of the derailment was 596 Huber Station Rd., Shepardsville, Ky.; and admits that he lost

some personal property after the derailment but denies that any such loss is the result of any act, omission, fault, or liability on the part of CSX Transportation, Inc.  CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 regarding Plaintiff Brandon Bell's citizenship; Plaintiff Brandon Bell's current residence; and whether his alleged permanent residence was within 600 feet of the derailment site.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 15 of Plaintiffs' First Amended Class Action Complaint.

16.     CSX Transportation, Inc. admits that Brandon Bell left his home at some point following the derailment, but except as expressly admitted, denies the allegation that Brandon Bell was "forcibly dispossessing him of his residence" as pleaded by Plaintiffs and admits that he lost some personal property after the derailment but denies that any such loss is the result of any act, omission, fault, or liability on the part of CSX Transportation, Inc.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 16 of Plaintiffs' First Amended Class Action Complaint.

17.     CSX Transportation, Inc. admits that the smoke from the fire was visible and that certain chemicals were released in connection with the derailment that in certain locations were measurable and detectable for some period of time, and subject to that admission, CXT Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 17 of Plaintiffs' First Amended Class Action Complaint.

18.     CSX Transportation, Inc. admits Brandon Bell lost some personal property after the derailment but denies that any such loss is the result of any act, omission, fault, or liability on the part of CSX Transportation, Inc, and admits that Brandon Bell left his home at some point following the derailment, but except as expressly admitted, denies the allegation that Brandon

Bell was "forcibly dispossessed of his residence" as pleaded by Plaintiffs , and subject to those admissions, states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 regarding whether Plaintiff Brandon Bell lost possessory or ownership interests in real property.  CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 regarding whether Plaintiff Brandon Bell incurred costs for utilities and lost vacation time.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 18 of Plaintiffs' First Amended Class Action Complaint.

19.     CSX Transportation, Inc. admits that it has been informed that Plaintiff Brandy Bell is the spouse of Plaintiff Brandon Bell; that Plaintiff Brandy Bell's residence at the time of the derailment was 596 Huber Station Rd., Shepardsville, Ky.; and admits that Brandy Bell lost some personal property after the derailment but denies that any such loss is the result of any act, omission, fault, or liability on the part of CSX Transportation, Inc.  CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19 regarding the citizenship of Plaintiff Brandy Bell; the relationship between Plaintiff Brandy Bell and M.F.; the residence of M.F. at the time of the derailment; the current residence of Plaintiff Brandy Bell and M.F.; whether their alleged permanent residence was within 600 feet of the derailment site; and whether M.F. lost personal property.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 19 of Plaintiffs' First Amended Class Action Complaint.

20.     CSX Transportation, Inc. admits that Brandy Bell lost some personal property following the derailment, but denies that any such loss is the result of any act, omission, fault or liability on the part of CSX Transportation, Inc.; and admits that Brandy Bell left her home at

some point following the derailment but except as expressly admitted, denies the allegation that Brandy Bell was "forcibly dispossessed of her residence" as pleaded by Plaintiffs.   CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 regarding whether M.F. lost personal property.   CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 20 of Plaintiffs' First Amended Class Action Complaint.

21.     CSX Transportation, Inc. and admits that the smoke from the fire was visible and that certain chemicals were released in connection with the derailment that in certain locations were measurable and detectable for some period of time.   CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 21 of Plaintiffs' First Amended Class Action Complaint.

22.     CSX Transportation, Inc. admits that Brandy Bell lost personal property but denies that any such loss is the result of any act, omission, fault or liability on the part of CSX Transportation, Inc., and admits that Brandy Bell left her home at some point following the derailment but except as expressly admitted, denies the allegation that Brandy Bell was "forcibly dispossessed of her residence" as pleaded by Plaintiffs, and subject to those admissions, states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 regarding whether Plaintiff Brandy Bell "permanently lost possessory and ownership interests in real property and personal property."   CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 regarding whether M.F. lost personal property or possessory and ownership interests in real property, and whether Brandy Bell incurred costs for

utilities.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 22 of Plaintiffs' First Amended Class Action Complaint.

## As to Property Damage Class

23.     CSX Transportation, Inc. admits that Plaintiffs Brandon Bell and Brandy Bell lost personal property but denies that any such loss is the result of any act, omission, fault or liability on the part of CSX Transportation, Inc.  CSX Transportation, Inc. admits that Plaintiffs Brandon Bell and Brandy Bell left their home at some point following the derailment, but states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 regarding whether Plaintiffs Brandon Bell and Brandy Bell "lost possessory and ownership interests in real property."  CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 regarding whether M.F. lost personal property or lost possessory and ownership interests in real property.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 23 of Plaintiffs' First Amended Class Action Complaint.

## As to Evacuation Class

24.     CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24 regarding Plaintiff Roberta Green's citizenship and residence.  CSX Transportation, Inc. admits that certain homes were evacuated in the hours and days following the derailment, and subject to that admission, states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24 regarding whether Plaintiff Roberta Green was "ordered" from her home and the length of time, if any, she may have remained away from her home following the derailment.  CSX Transportation, Inc. admits that Plaintiff Roberta Green

8

brings this action individually and on behalf of others, and that she seeks certification of a subclass but CSX Transportation, Inc. denies that this case should be certified as a class action. CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 24 of Plaintiffs' First Amended Class Action Complaint.

25.    CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 regarding Plaintiff William R. Green, Sr.'s citizenship and residence. CSX Transportation, Inc. admits that certain homes were evacuated in the hours and days following the derailment, and subject to that admission, states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 regarding whether Plaintiff William R. Green, Sr. was "ordered" from his home and the length of time, if any, he may have remained away from his home following the derailment. CSX Transportation, Inc. admits that Plaintiff William R. Green, Sr. brings this action individually and on behalf of others, and that he seeks certification of a subclass but CSX Transportation, Inc. denies that this case should be certified as a class action. CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 25 of Plaintiffs' First Amended Class Action Complaint.

26.    CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 regarding Plaintiff Michelle Hornback's citizenship and regarding Michelle Hornback and T.R.'s residence. CSX Transportation, Inc. admits that certain homes were evacuated in the hours and days following the derailment, and subject to that admission, states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 regarding whether Plaintiffs Michelle Hornback and T.R. were "ordered" from their home

and the length of time, if any, they may have remained away from their home following the derailment.  CSX Transportation, Inc. admits that Plaintiff Michelle Hornback brings this action individually and for T.R., and on behalf of others, and that she seeks certification of a subclass but CSX Transportation, Inc. denies that this case should be certified as a class action.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 26 of Plaintiffs' First Amended Class Action Complaint.

<u>**As to Shelter In Place Class**</u>

27.     CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27 regarding Plaintiff Barbara Neuschwander's citizenship and regarding Barbara Neuschwander and L.B.'s residence.  CSX Transportation, Inc. admits that following the derailment, authorities advised certain residents to remain in their homes for some period of time, and subject to that admission, states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27 as to whether Barbara Neuschwander and L.B. were "ordered to shelter in place in their residence" and the length of time, if any, that they may have remained in their home following the derailment.  CSX Transportation, Inc. admits that Plaintiff Barbara Neuschwander brings this action individually and for L.B., and on behalf of others, and that she seeks certification of a subclass but CSX Transportation, Inc. denies that this case should be certified as a class action.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 27 of Plaintiffs' First Amended Class Action Complaint.

28.     CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28 regarding Plaintiff Henry Neuschwander's citizenship and residence.  CSX Transportation, Inc. admits that

following the derailment, authorities advised certain residents to remain in their homes for some period of time, and subject to that admission, states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained paragraph 28 as to whether Henry Neuschwander was "ordered to shelter in place in his residence" and the length of time, if any, that he may have remained in his home following the derailment.  CSX Transportation, Inc. admits that Plaintiff Henry Neuschwander brings this action individually and on behalf of others, and that he seeks certification of a subclass but CSX Transportation, Inc. denies that this case should be certified as a class action.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 28 of Plaintiffs' First Amended Class Action Complaint.

### As to Economic Loss Class

29.    CSX Transportation, Inc. admits that Plaintiff Henry Neuschwander brings this action individually and on behalf of others, and that he seeks certification of a subclass but CSX Transportation, Inc. denies that this case should be certified as a class action.   CSX Transportation, Inc. admits that it has paid Henry Neuschwander the equivalent of one day of wages, but denies that Henry  Neuschwander "lost one day of wages from his full time, hourly employment at a major commercial concern in the area" as a result of any act, omission, fault, or liability on the part of CSX Transportation, Inc.  CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 regarding Plaintiff Henry Neuschwander's citizenship and residence.   CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 29 of Plaintiffs' First Amended Class Action Complaint.

30.    CSX Transportation, Inc. admits that Plaintiff Brandon Bell's residence at the time of the derailment was 596 Huber Station Rd., Shepardsville, Ky.   CSX Transportation, Inc.

states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 regarding Plaintiff Brandon Bell's citizenship and current residence; whether his alleged permanent residence was within 600 feet of the derailment site; whether he "re-settled and establish[ed] residence for himself, his wife, and his wife's minor child"; and whether he "lost vacation time and other benefits or money" as a result of having to re-settle.  CSX Transportation, Inc. admits that Brandon Bell left his home at some point after the derailment, but except as expressly admitted, denies the allegation that Brandon Bell was "forcibly dispossessed of his residence" as pleaded by Plaintiffs.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 30 of Plaintiffs' First Amended Class Action Complaint.

**As to Personal Injury Class**

31.     CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 regarding Plaintiff Barbara Neuschwander's citizenship and the residence of Barbara Neuschwander and L.B.; and regarding whether Barbara Neuschwander and L.B. "inhaled" or were "exposed" to materials released after the derailment but denies that if sustained, such effects resulted from any act or omission on the part of CSX Transportation, Inc.  CSX Transportation, Inc. admits that Barbara Neuschwander has sued as the next friend and representative of L.B. but states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 regarding the relationship between Barbara Neuschwander and L.B.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 31 of Plaintiffs' First Amended Class Action Complaint.

31.a.    CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31.a regarding whether Plaintiff Barbara Neuschwander sustained "asthmatic attacks, headaches and nausea," but denies that if sustained, such effects resulted from any act or omission on the part of CSX Transportation, Inc.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 31.a of Plaintiffs' First Amended Class Action Complaint.

31.b.    CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31.b regarding whether L.B. sustained "watery eyes, throat injury and irritation, and infection, whether L.B. obtained medical treatment, whether L.B. missed school, and whether L.B. "suffers after-effects" of the alleged infection, but denies that if sustained, such effects resulted from any act or omission on the part of CSX Transportation, Inc.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 31.b of Plaintiffs' First Amended Class Action Complaint.

32.    CSX Transportation, Inc. admits that Plaintiff Barbara Neuschwander brings this action individually and for L.B., and on behalf of others, and that she seeks certification of a subclass but CSX Transportation, Inc. denies that this case should be certified as a class action. CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 32 of Plaintiffs' First Amended Class Action Complaint.

33.    CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 regarding Plaintiff Henry Neuschwander's citizenship and residence.  CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments

contained in paragraph 33 regarding whether Henry Neuschwander "inhaled" or was "exposed" to materials released after the derailment and sustained "headache, constructed chest, and watery eyes," but denies that if sustained, such effects resulted from any act or omission on the part of CSX Transportation, Inc.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 33 of Plaintiffs' First Amended Class Action Complaint.

34.    CSX Transportation, Inc. admits that Plaintiff Henry Neuschwander brings this action individually and on behalf of others, and that he seeks certification of a subclass, but CSX Transportation, Inc. denies that this case should be certified as a class action.   CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 34 of Plaintiffs' First Amended Class Action Complaint.

35.    CSX Transportation, Inc. denies that fire affected Brandy Bell's home as pleaded by Plaintiffs and that Plaintiff Brandy Bell's alleged injuries were caused by the derailment or "chemical combustion and plume" or are the result of any act, omission, fault, or liability on the part of CSX Transportation, Inc.  CSX Transportation, Inc. admits that Plaintiff Brandy Bell's residence at the time of the derailment was 596 Huber Station Rd., Shepardsville, Ky.  CSX Transportation, Inc. admits that medical bills reflect that Plaintiff Brandy Bell received medical treatment following the derailment, but states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the paragraph 35 regarding the details of any medical treatment received by Plaintiff Brandy Bell and whether Brandy Bell may have returned for additional medical treatment after the derailment.  CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 35.  CSX Transportation, Inc. denies that fire affected Brandy Bell's home as pleaded by Plaintiffs.

14

36.     CSX Transportation, Inc. admits that Plaintiff Brandy Bell brings this action individually and on behalf of others, and that she seeks certification of a subclass but denies that this case should be certified as a class action.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 36 of Plaintiffs' First Amended Class Action Complaint.

**As to Class Action Allegations**

37.     CSX Transportation, Inc. admits that Plaintiffs bring this action individually and on behalf of others, and that they seek certification of a class action, but CSX Transportation, Inc. denies that this case should be certified as a class action.

38.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 38 of Plaintiffs' First Amended Class Action Complaint.

39.     CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39 regarding whether Plaintiffs Barbara Neuschwander, Henry Neuschwander, Roberta Green, William Green, Michelle Hornback, or T.R. have possessory interests in property near the site of the derailment.   CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 39 of Plaintiffs' First Amended Class Action Complaint.

40.     CSX Transportation, Inc. admits that the train derailed in Bullitt County but denies that "areas affected by the catastrophe" are located within Bullitt County as pleaded by Plaintiffs.  CSX Transportation, Inc. states that the remainder of paragraph 40 recites Plaintiffs' allegations regarding the alleged subclasses and denies each and every allegation contained in those allegations.

41.    CSX Transportation, Inc. states that paragraph 41 recites Plaintiffs' allegations regarding the damages Plaintiffs seek, but CSX Transportation, Inc. denies that Plaintiffs are entitled to any relief whatsoever from CSX Transportation, Inc.

42.    CSX Transportation, Inc. states that paragraph 42 recites Plaintiffs' allegations regarding the damages Plaintiffs seek, but CSX Transportation, Inc. denies that Plaintiffs are entitled to any relief whatsoever from CSX Transportation, Inc.

43.    CSX Transportation, Inc. admits that cyclohexane, butadiene, methyl ethyl ketone were included in the contents of one or more of the rail cars that derailed on January 16, 2007 and that cyclohexane, butadiene, methyl ethyl ketone are classified as "hazardous materials" under federal regulation 49 C.F.R. § 172.101, Hazardous Materials Table, but denies that the chemicals transported on the rail cars that derailed on January 16, 2007 posed a hazard to Plaintiffs; and admits that certain chemicals were released into the air after the derailment and fire; and admits that the smoke from the fire was visible and that certain chemicals were released in connection with the derailment that in certain locations were measurable and detectable for some period of time.  CSX Transportation, Inc. states that paragraph 43 recites that Plaintiffs seek damages, but CSX Transportation, Inc. specifically denies that Plaintiffs are entitled to any relief whatsoever from CSX Transportation, Inc.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 43 of Plaintiffs' First Amended Class Action Complaint.

44.    CSX Transportation, Inc. admits that cyclohexane, butadiene, methyl ethyl ketone were included in the contents of one or more of the rail cars that derailed on January 16, 2007; and that cyclohexane, butadiene, methyl ethyl ketone are classified as "hazardous materials" under federal regulation 49 C.F.R. § 172.101, Hazardous Materials Table, but denies that the

chemicals transported on the rail cars that derailed on January 16, 2007 posed a hazard to Plaintiffs.  CSX Transportation, Inc. admits that the U.S. Environmental Protection Agency ("EPA") made public statements (both written and verbal) in the immediate aftermath of the train derailment regarding the possible impacts on the environment and human health associated with this event.  Except as specifically admitted above, the allegations regarding "reports" by the U.S. EPA are not sufficiently precise for CSX Transportation, Inc. to admit or deny them, and CSX Transportation, Inc. states that it is therefore without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44 regarding EPA "reports." CSX Transportation, Inc. admits that certain chemicals were released into the air after the derailment and fire.  CSX Transportation, Inc. admits that after the derailment, certain homes were evacuated in the hours and days following the derailment.  CSX Transportation, Inc. admits that Brandon Bell and Brandy Bell left their home at some point following the derailment, but denied that they were "forcibly dispossessed of their home" as pleaded by Plaintiffs.  CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44 regarding whether the Ruhl Acres neighborhood was evacuated pursuant to an order by public safety authorities; whether "other residential neighborhoods were similarly evacuated," whether Plaintiffs Roberta Green, William R. Green, Michelle Hornback, and T.R. evacuated their homes; whether Brandy Bell was home at the time of the derailment; and whether firefighters "rescued" or "saved" Brandy Bell.  CSX Transportation, Inc. states that paragraph 44 recites that Plaintiffs seek damages, but CSX Transportation, Inc. specifically denies that Plaintiffs are entitled to any relief whatsoever from CSX Transportation, Inc.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 44 of Plaintiffs' First Amended Class Action Complaint.

45.     CSX Transportation, Inc. admits that after the derailment, authorities advised certain residents to remain in their homes for some period of time, but states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 45 regarding the details or scope of any such advisory.   CSX Transportation, Inc. states that it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 45 regarding whether Plaintiffs Barbara and Henry Neuschwander and L.B. reside within the geographical boundaries of an "order" to "shelter in place."   CSX Transportation, Inc. states that paragraph 45 recites that Plaintiffs seek damages, but CSX Transportation, Inc. specifically denies that Plaintiffs are entitled to any relief whatsoever from CSX Transportation, Inc.   CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 45 of Plaintiffs' First Amended Class Action Complaint.

46.     CSX Transportation, Inc. states that paragraph 46 recites that Plaintiffs seek damages, but CSX Transportation, Inc. specifically denies that Plaintiffs are entitled to any relief whatsoever from CSX Transportation, Inc.   CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 46 of Plaintiffs' First Amended Class Action Complaint.

47.     CSX Transportation, Inc. states that paragraph 47 recites that Plaintiffs seek exemplary and punitive damages, but CSX Transportation, Inc. specifically denies that Plaintiffs are entitled to any relief whatsoever from CSX Transportation, Inc.   CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 47 of Plaintiffs' First Amended Class Action Complaint.

48.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 48 of Plaintiffs' First Amended Class Action Complaint.

49.     CSX Transportation, Inc. admits that the claims of all members of any putative class, including Plaintiffs, would depend on showing that acts and/or omissions of the CSX Transportation, Inc. caused the alleged injuries of the Plaintiffs and give rise to the Plaintiffs' alleged rights to the relief sought herein, but specifically denies that any act or omission of CSX Transportation, Inc. caused the alleged injuries of the Plaintiffs and give rise to the Plaintiffs' alleged rights to the relief sought herein.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 49 of Plaintiffs' First Amended Class Action Complaint.

50.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 50 of Plaintiffs' First Amended Class Action Complaint.

51.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 51 of Plaintiffs' First Amended Class Action Complaint.

### As to Count One – Nuisance

52.     CSX Transportation, Inc. repeats and re-asserts its responses to the allegations contained in paragraphs 1 through 51 of Plaintiffs' First Amended Class Action Complaint as if fully set forth herein.

53.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 53 of Plaintiffs' Complaint, except re-asserts its response contained in paragraph 1, above, to Plaintiffs' allegation that CSX Transportation, Inc. was "owning or operating a railroad and/or rail cars," and admits that the smoke from the fire was visible and that certain chemicals were

released in connection with the derailment that in certain locations were measurable and detectable for some period of time.

54.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 54 of Plaintiffs' First Amended Class Action Complaint, except admits that cyclohexane, butadiene, methyl ethyl ketone were included in the contents of one or more of the rail cars that derailed on January 16, 2007; and that cyclohexane, butadiene, methyl ethyl ketone are classified as "hazardous materials" under federal regulation 49 C.F.R. § 172.101, Hazardous Materials Table, but denies that the chemicals transported on the rail cars that derailed on January 16, 2007 posed a hazard to Plaintiffs; and admits that certain chemicals were released into the air after the derailment and fire.

55.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 55 of Plaintiffs' First Amended Class Action Complaint.

56.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 56 of Plaintiffs' First Amended Class Action Complaint.

<u>**As to Count Two – Trespass**</u>

57.     CSX Transportation, Inc. repeats and re-asserts its responses to the allegations contained in paragraphs 1 through 56 of Plaintiffs' First Amended Class Action Complaint as if fully set forth herein.

58.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 58 of Plaintiffs' First Amended Class Action Complaint, except admits that certain chemicals were released into the air after the derailment and fire, and admits that the smoke from the fire was visible and that certain chemicals were released in connection with the derailment that in certain locations were measurable and detectable for some period of time.

59.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 59 of Plaintiffs' First Amended Class Action Complaint.

60.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 60 of Plaintiffs' First Amended Class Action Complaint.

**As to Count Three – Negligence – Part A, Transportation, Operations**

61.     CSX Transportation, Inc. repeats and re-asserts its responses to the allegations contained in paragraphs 1 through 60 of Plaintiffs' First Amended Class Action Complaint as if fully set forth herein.

62.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 62 of Plaintiffs' Complaint, except re-asserts its response contained in paragraph 1, above, to Plaintiffs' allegation that CSX Transportation, Inc. was "owning or operating a railroad and/or rail cars"; and admits that cyclohexane, butadiene, methyl ethyl ketone were included in the contents of one or more of the rail cars that derailed on January 16, 2007; and that cyclohexane, butadiene, methyl ethyl ketone are classified as "hazardous materials" under federal regulation 49 C.F.R. § 172.101, Hazardous Materials Table, but denies that the chemicals transported on the rail cars that derailed on January 16, 2007 posed a hazard to Plaintiffs.

63.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 63 of Plaintiffs' Complaint, except re-asserts its response contained in paragraph 1, above, to Plaintiffs' allegation that CSX Transportation, Inc. was "operating [its] railcars and the road"; and admits that cyclohexane, butadiene, methyl ethyl ketone were included in the contents of one or more of the rail cars that derailed on January 16, 2007; and that cyclohexane, butadiene, methyl ethyl ketone are classified as "hazardous materials" under federal regulation 49 C.F.R. §

172.101, Hazardous Materials Table, but denies that the chemicals transported on the rail cars that derailed on January 16, 2007 posed a hazard to Plaintiffs.

64. CSX Transportation, Inc. denies each and every allegation contained in paragraph 64 of Plaintiffs' First Amended Class Action Complaint, except re-asserts its response contained in paragraph 1, above, to Plaintiffs' allegation that CSX Transportation, Inc. was "operating [the] railcars and the road."

65. No response is required to the allegations contained in the first two sentences of paragraph 65 of Plaintiffs' First Amended Class Action Complaint as they assert conclusions of law.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 65 of Plaintiffs' First Amended Class Action Complaint.

66. CSX Transportation, Inc. denies each and every allegation contained in paragraph 66 of Plaintiffs' First Amended Class Action Complaint.

### As to Count Three – Negligence – Part B, Duty to Warn

67. CSX Transportation, Inc. repeats and re-asserts its responses to the allegations contained in paragraphs 1 through 66 of Plaintiffs' First Amended Class Action Complaint as if fully set forth herein.

68. CSX Transportation, Inc. denies each and every allegation contained in paragraph 68 of Plaintiffs' First Amended Class Action Complaint, except that CSX Transportation, Inc. admits that information regarding the derailment was managed through the state, local and federal agencies, but states that it is without knowledge or information sufficient to form a belief as to the truth of the averment as to when Plaintiffs learned of the derailment and what they learned.

69.     No response is required to the allegations contained in the first sentence of paragraph 69 of Plaintiffs' First Amended Class Action Complaint as it asserts a conclusion of law.  CSX Transportation, Inc. denies each and every allegation contained in the remainder of paragraph 69 of Plaintiffs' Complaint.

70.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 70 of Plaintiffs' First Amended Class Action Complaint.

<u>**As to Count Four – Strict Liability**</u>

71.     CSX Transportation, Inc. repeats and re-asserts its responses to the allegations contained in paragraphs 1 through 70 of Plaintiffs' First Amended Class Action Complaint as if fully set forth herein.

72.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 72 of Plaintiffs' Complaint, except re-asserts its response contained in paragraph 1, above, to Plaintiffs' allegation that CSX Transportation, Inc. was the "operator of rail cars"; and admits that cyclohexane, butadiene, methyl ethyl ketone were included in the contents of one or more of the rail cars that derailed on January 16, 2007; and that cyclohexane, butadiene, methyl ethyl ketone are classified as "hazardous materials" under federal regulation 49 C.F.R. § 172.101, Hazardous Materials Table, but denies that the chemicals transported on the rail cars that derailed on January 16, 2007 posed a hazard to Plaintiffs.

73.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 73 of Plaintiffs' First Amended Class Action Complaint.

74.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 74 of Plaintiffs' First Amended Class Action Complaint.

75.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 75 of Plaintiffs' First Amended Class Action Complaint.

76.     CSX Transportation, Inc. denies each and every allegation contained in paragraph 76 of Plaintiffs' First Amended Class Action Complaint.

**As to Ad Damnum Clause**

CSX Transportation, Inc. denies each and every allegation contained in the Ad Damnum Clause and specifically denies that Plaintiffs are entitled to any relief whatsoever from CSX Transportation, Inc.

**Affirmative Defenses**

**First Affirmative Defense**

Plaintiffs' recovery is barred, in whole or in part, to the extent that Plaintiffs and/or their agents failed to mitigate the alleged injuries or damages.

**Second Affirmative Defense**

Plaintiffs' claimed injuries and damages were caused, in whole or in part, by the actions or omissions of others for whose conduct CSX Transportation, Inc. is not responsible.

**Third Affirmative Defense**

Plaintiffs' claims for strict liability based on Plaintiffs' contention that CSX Transportation, Inc. engaged in "inherently dangerous, extremely hazardous and abnormally dangerous activities" are barred by Section 521 of the RESTATEMENT (SECOND) OF TORTS and Kentucky state law.

**Fourth Affirmative Defense**

Plaintiffs' claims under Kentucky law are barred, in whole or in part, to the extent preempted by federal law, including but not limited to the Commerce Clause, Federal Railroad

Safety Act ("FRSA"), Interstate Commerce Commission Termination Act, and Hazardous Materials Transportation Act.

### Fifth Affirmative Defense

CSX Transportation, Inc. has provided emergency assistance and reimbursed costs for food, lodging, and a variety of other expenses to many members of the community incurred in the days and weeks following the derailment.  These payments were made without an admission of any liability, fault or damages.  To the extent such payments were made to Plaintiffs, CSX Transportation, Inc. is entitled to an offset or credit against any potential future recovery for the same amounts paid.

### Sixth Affirmative Defense

Plaintiffs' claims for punitive or exemplary damages are barred by the Kentucky punitive damages statute, KRS § 411.184.

### Seventh Affirmative Defense

CSX Transportation, Inc. pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would be in contravention of CSX Transportation, Inc.'s rights under each of the following constitutional provisions:

a.   the Due Process Clause of the Fifth and Fourteenth Amendments of the UNITED STATES CONSTITUTION;

b.   the Takings Clause of the Fifth Amendment of the UNITED STATES CONSTITUTION;

c.   the Excessive Fines Clause of Eighth Amendment of the UNITED STATES CONSTITUTION;

d.   the Commerce Clause of Article I, Section 8 of the UNITED STATES CONSTITUTION; and

e.   the Supremacy Clause of Article VI of the UNITED STATES CONSTITUTION;

as well as the CONSTITUTION OF THE STATE OF KENTUCKY, and would constitute the imposition of a penalty without the safeguards guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, similar provisions of the Kentucky Constitution, and *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *BMW of North America v. Gore*, 517 U.S. 559 (1996). CSX Transportation, Inc. further pleads that any claim by Plaintiffs for punitive damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside because, among other reasons:

A.    It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and of the Kentucky Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

B.    Kentucky law and the Kentucky punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Kentucky law and the Kentucky punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion, thereby violating the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution as well as the Kentucky Constitution.

C.     Under Kentucky law and the Kentucky punitive damage scheme, there is no limit on the number of times CSX Transportation, Inc. could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines, particularly (but not limited to) the likelihood that punitive damages may be assessed multiple times for the same conduct, in violation of the Eighth Amendment of the United States Constitution and in violation of the Kentucky Constitution, as well as in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Kentucky Constitution.

D.     The appellate courts of Kentucky do not provide for adequate appellate review of a punitive damage award or the amount thereof, and do not provide objective standards for such review, and therefore such review violates the due process clause of the Fifth and Fourteenth Amendments of the United State Constitution and the Kentucky Constitution.

E.     The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law which violates the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Kentucky Constitution.

F.     Insofar as the punitive damage award sought by the Plaintiffs seeks to impose punitive damages under Kentucky law for conduct occurring in other states, the award would violate the following provisions:  (a) CSX Transportation Inc.'s rights to due process and due course of law under the Fifth and Fourteenth Amendments of the United States Constitution and the Kentucky Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit

Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of the other states within their spheres; and (e) the prohibition against excessive fines in the Eighth Amendment of the United States Constitution and the Kentucky Constitution.

## Jury Demand

Plaintiffs demanded a jury trial in their Original Complaint and in their First Amended Class Action Complaint.  Defendant CSX Transportation, Inc. likewise demands a jury trial, pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, on all issues triable by a jury.

WHEREFORE, Defendant CSX Transportation, Inc. respectfully requests that the Court grant it such relief to which it may be entitled.

Respectfully submitted,

BOEHL, STOPHER & GRAVES, LLP

/s/ Darryl S. Lavery
Edward H. Stopher
Darryl S. Lavery
400 West Market Street
Aegon Center, Suite 2300
Louisville, Kentucky  40202-3346
Telephone:  502.589.5980
Facsimile:  502.561.9400

Of Counsel:

Knox D. Nunnally
Texas State Bar No. 15141000
Scott Statham
Texas State Bar No. 19082350
Lewis C. Sutherland
Texas State Bar No. 00789665
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas  77002-6760
Telephone:  713.758.2416
Facsimile:  713.615.5220

Sandra G. Rodriguez
Texas State Bar No. 00790752
VINSON & ELKINS L.L.P.
2801 Via Fortuna
Suite 100
Austin, TX 78746-7568
Telephone:  512.542.8631
Facsimile: 512.236.3279

                    ATTORNEYS FOR DEFENDANT
                    CSX TRANSPORTATION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2007, I electronically filed the foregoing with

the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing

to all CM/ECF participants.

Lee L. Coleman
Ryan C. Reed
Hughes & Coleman
1256 Campbell Lane, Suite 201
Bowling Green, Kentucky  42102
*Counsel for Green Plaintiffs*

W. Lewis Garrison, Jr.
Timothy C. Davis
William L. Bross
Heninger Garrison Davis LLC
2224 First Avenue North
Birmingham, Alabama  35203
*Counsel for Green Plaintiffs*

                    /s/ Darryl S. Lavery
                    COUNSEL FOR CSX
                    TRANSPORTATION, INC.

182882.1

29