IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| **In re BULLITT COUNTY TRAIN DERAILMENT LITIGATION** | § § § § | **CIVIL ACTION NO. 3:07CV-24-R**[1]<br><br>**HON. THOMAS B. RUSSELL**<br>**JURY TRIAL REQUESTED** |

**PRELIMINARY APPROVAL ORDER**

WHEREAS the Parties to the above-captioned litigation (the "Subject Lawsuit"), have moved pursuant to Federal Rule of Civil Procedure 23 for an order (a) preliminarily approving the proposed settlement of the Subject Lawsuit in accordance with the Parties' Class Settlement Agreement and General Release dated August 14, 2008, as filed with the Court (the "Settlement Agreement"), which sets forth the terms and conditions for the proposed settlement of the Subject Lawsuit; and (b) approving a notice plan consistent with Rule 23 and applicable law to provide notice of the class certification and proposed class action settlement to the Settlement Class Members.

WHEREAS, Plaintiffs have separately moved for certification under Rule 23 of a settlement-only Plaintiff class;

WHEREAS, the Court has considered the Settlement Agreement and accompanying exhibits and other documents;

---

[1] This Class Settlement Agreement applies to this captioned case, which includes the following cases consolidated into No. 3:07-CV-24 by order of the Court dated June 3, 2008: *Green, et al. v. Gen. Elec. Capital Servs., Inc., et al.*, No. 3:08-CV-42; and *Fastrip, Inc. v. CSX*, No. 3:07-CV-66.

WHEREAS, all Parties have consented to the entry of this Preliminary Order Approving Class Settlement, Approving Notice to the Absent Class Members and Certifying Settlement-Only Class ("Preliminary Approval Order"): and

WHEREAS, the Court held a Preliminary Approval Hearing on August 19, 2008 with all Parties present through Counsel.

**IT IS HEREBY ORDERED THAT:**

1. The capitalized terms used in this Preliminary Approval Order have the same meaning as those defined in the Settlement Agreement.

2. Pursuant to Rule 23, this action is hereby certified as a class action, for settlement purposes only, on behalf of the following Settlement Class as defined below:

    All persons or legal entities residing (as their primary residence), owning real property, or employed as their primary/full-time employment between January 16 and 19, 2007 in an area identified on the map attached as Exhibit 1 as the "Class Area." The Class Area corresponds to a geographical area defined by (i) the outside of a circle with a radius of 1500 feet measured from the center of the derailment site, and (ii) inside of a circle with a radius of 3.5 miles measured from the center of the derailment site.

3. For settlement purposes only, Plaintiffs Michael Robison, Joann McGaha, Rick McGaha, Gary Wilson, Russell Peacock, John Henry Eddington, Louis Weird, and Barbara Neuschwander, individually and as next friend to minor child L.B. are certified as the Settlement Class Representatives for the Settlement Class. The Court designates John Spainhour of Givhan & Spainhour, PSC, Lee Coleman of Hughes & Coleman, Barry Reed of Zimmerman Reed, PLLP, M. Scott Barrett of Barrett & Associates, and W. Lewis Garrison, Jr. of Heninger Garrison Davis LLC as Settlement Class Counsel.

4. The Court affirms the authority of Settlement Class Counsel to execute the Settlement Agreement on behalf of the Settlement Class Members.

5. For settlement purposes only, the Court finds that the prerequisites of Federal Rule of Civil Procedure 23(a) and the requirements of Rule 23(b)(3) have been met. The Court finds, for purposes of settlement only, that:

   a. The Settlement Class is so numerous that joinder of all members is impracticable.

   b. There are questions of law and fact common to the Settlement Class. The Settlement Class asserts claims against CSX Transportation, Inc. ("CSXT") and General Electric Capital Services, Inc. and General Electric Railcar Services Corp. (collectively "GE") in connection with the train derailment, fire(s), environmental release(s) and cleanup that occurred near Brooks, Kentucky, beginning on January 16, 2007.

   c. The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class. The Settlement Class Representatives, like all Settlement Class Members, allege inconvenience, personal injuries and/or property damage from the train derailment, fire(s), environmental release(s) and cleanup that occurred near Brooks, Kentucky, beginning on January 16, 2007.

   d. The Settlement Class Representatives have fairly and adequately represented and protected the interests of the Settlement Class. The Settlement Class Representatives assert typical claims and have common interests with the unnamed members of the Settlement Class in seeking redress for alleged inconvenience, personal injuries and/or property damage from the train derailment, fire(s), environmental release(s) and cleanup that occurred near Brooks, Kentucky, beginning on January 16, 2007. In addition, the Settlement Class Representatives have vigorously prosecuted the interests of the Settlement Class through well-qualified counsel experienced in similar

       class action litigation, including during negotiations of the Settlement Agreement and its presentation to the Court.

    e.  Having taken into consideration the matters listed in Rule 23(b)(3)(A)-(D), the Court finds that – in the context of the proposed class settlement, common issues related to alleged inconvenience, personal injuries and/or property damage from the train derailment, fire(s), environmental release(s) and cleanup that occurred near Brooks, Kentucky, beginning on January 16, 2007 predominate over questions affecting individual Settlement Class Members.  The Court notes that individual issues of causation of the injuries alleged by the Settlement Class Members will not be tried in the context of the Settlement Agreement. Accordingly, in the context of the Settlement Agreement, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members.  Furthermore, in the context of the settlement, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.  Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the parties in the event that the Settlement Agreement is terminated, the Settlement Agreement is not finally approved by the Court, or for any reason the Effective Date does not occur.  This Preliminary Approval Order, including all related findings of fact and conclusions of law regarding the certification of the Settlement Class shall be automatically vacated upon notice of same to the Court, and in that event the Subject Lawsuit shall proceed as though the Settlement Class had never been certified and such findings and conclusions had never been made, without prejudice to either Defendants or Plaintiffs.

7. The Court has reviewed the Settlement Agreement, and the terms of the Settlement Agreement are preliminarily approved, subject to further consideration at a Fairness Hearing.

   a. The Court preliminarily finds that the proposed Settlement Agreement is the product of informed, arm's length negotiation by counsel and is presumptively fair, just, reasonable, valid and adequate, subject to any objections that may be raised at the Fairness Hearing.

   b. The Court preliminarily finds that (i) the Ordinary Monetary Benefits, (ii) the Extraordinary Damages, and (iii) the Cy Pres Fund to be donated to two local charities in the event that monies are left in the Settlement Fund will directly benefit the Settlement Class Members, and based on the Court's preliminary analysis represent a reasonable compromise of the Settlement Class Members' claims against Defendants.

   c. The Fairness Hearing shall be held before the Court on December 15, 2008, at 1:00 p.m. Gene Snyder United States Courthouse; 601 West Broadway; Louisville, KY 40202-2227: (i) to determine whether the proposed Settlement of the Subject Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court under Rule 23(e), and whether a Final Approval Order should be entered; and (ii) to consider such other matters as may properly come before the Court in connection with the certification of the Settlement Class, approval of the proposed Settlement Agreement, approval of Settlement Class Counsel's attorneys' fees and expenses, approval of Settlement Class Representatives' incentive awards, approval

of the Settlement Administrator and related claims processing procedures, approval of payment procedures to the Settlement Administrator, and other matters related to approval and implementation of the Settlement Agreement. The Court may adjourn the Fairness Hearing, without further notice to Settlement Class Members other than by announcement at the Fairness Hearing.

8. Provided no interlocutory appeal is taken of this Preliminary Approval Order, Settlement Class Counsel shall provide notice of the proposed Settlement Agreement to the Settlement Class Members as required by Rule 23 of the Federal Rules of Civil Procedure and all applicable federal statutes as set forth in the notice plan described in the subparts of this paragraph. If any interlocutory appeal is taken of this Preliminary Approval Order or any Party exercises its rights to terminate the Settlement Agreement, then such action will suspend this notice requirement until such time that a final, un-appealable Preliminary Approval Order based on a valid settlement agreement is in place. The notice plan shall include:

   a. Publication of the Published Notice, attached as Exhibit 2 hereto, on two separate days in the Courier Journal (Louisville paper) and the Pioneer News (Shepherdsville paper), the beginning date no earlier than Sept. 14, 2008, last date being no later than Sept. 26, 2008.

   b. Posting a copy of the Individual Notice, attached as Exhibit 3, on the internet at a website with the address: http:\\www.Bullittcountytrainderailment.com. The Parties shall also post a copy of the Settlement Agreement, but may redact the allocated

individual payment amounts to be made by CSXT and GE to the $3 million Settlement fund as set out in paragraph 9.2.1 of the Settlement Agreement.

c. With regard to those individuals who have been specifically identified as potential Settlement Class Members, Settlement Class Counsel (with the assistance of Settlement Administrator as agreed among them) shall cause a copy of the Individual Notice to be mailed to the last known address of each of these individuals who can be identified with reasonable effort by placing these notices in the mail properly addressed and prepaid no later than Sept. 14, 2008. The Court determines that "reasonable effort" in this case shall be the computer analysis of the name and address databases for the 3 zip codes (40109, 40165, and 40229) with some portion of their area within the class area. Settlement Class Counsel and Defendants shall use available computer software to determine which addresses within those 3 zip codes that fall within the class area, and then use that information to compile the names and addresses for individual notice.

d. For all Individual Notices returned by the U.S. mail service as undeliverable, Settlement Class Counsel (with the assistance of Settlement Administrator as agreed among them) shall perform a computer-based skip-trace on the potential Settlement Class Member using an internet search engine (such as People Finders or equivalent). Individual Notice shall be sent by U.S. mail to any current addresses for Settlement Class Members identified through this skip-trace. For all Settlement Class Members that cannot be located through a skip-trace internet search engine, Settlement Class Counsel shall cause their names to be published in a single edition of the Courier

      Journal (Louisville paper) and the Pioneer News (Shepherdsville paper) along with a notice that they are potential Settlement Class Members and directions to obtain additional information regarding the proposed class settlement. All skip-trace Individual Notices and the publication of potential Settlement Class Members' names described in this paragraph shall occur on or before October 3, 2008.

    e. Settlement Administrator shall make available his already-established toll-free phone number (1-800-345-0837) to answer questions by the Settlement Class Members, and shall leave such toll free line open until the deadline for submission of Claim Forms.

    f. Settlement Administrator shall file the list of the last known addresses for each individual to whom an Individual Notice was mailed into the record of these proceedings at least 15 days prior to the Fairness Hearing.

9. The Court finds that dissemination of the notice substantially in the manner set forth in Paragraph 8 is the best notice practicable under the circumstances, is reasonably calculated to apprise interested parties of the pendency of this action, affords such Settlement Class Members an opportunity to present their objections or exclude themselves from the Settlement Class, and complies in all respects with the requirements of Rule 23 and all the requirements of due process.

10. Settlement Class Members who want to be excluded from the Settlement Class must send a written request for exclusion clearly evidencing their desire to opt out of the Settlement Agreement ("Opt-Out Request") and signed by them or their duly authorized representative with documentation of such representative authorization to:

In re: Bullitt County Train Derailment<br>
c/o Settlement Class Counsel<br>
W. Lewis Garrison, Jr.<br>
Heninger Garrison Davis LLC<br>
2224 First Avenue North<br>
Birmingham, AL 35203

postmarked by Oct. 18, 2008.

11. Any Settlement Class Member who files an Opt-Out Request in the manner provided herein is excluded from the Settlement Class and will not be entitled to any benefit described in the Agreement or Notice, and will not be bound by any judgments adjudicating the claims of the Settlement Class Members.

12. Any member of the Settlement Class Member who does not file an Opt-Out Request in the manner provided herein will be bound by the Agreement if finally approved following the Fairness Hearing, including the terms of the Final Approval Order to be entered herein and the releases provided for in the Settlement Agreement.

13. Any Settlement Class Member who has not requested exclusion from the Settlement Class may file an objection to final approval of the Settlement Agreement and/or appear at the Fairness Hearing personally or by counsel, provided that an appearance is served and filed as hereinafter provided, to show cause, if any, (a) why the Settlement Agreement should not be approved as fair, reasonable, and adequate; (b) why an order should not be entered dismissing with prejudice and releasing all claims of the Settlement Class Representatives and all Settlement Class Members against the Released Persons; or (c) why the Court should not grant an allowance of reasonable fees, costs, and expenses to Settlement Class Counsel (to be payable from the Settlement Fund) for their services.  Unless the Court directs otherwise, procedures for lodging objections shall include the following:

a. Each Settlement Class Member wishing to object to the Settlement Agreement shall submit a timely written notice of their objection postmarked by Oct. 18, 2008.

b. Said objection shall set forth the reasons for the Settlement Class Member's objection. The objection must be signed by the Settlement Class Member, or the objector's duly authorized representative (including attorney), and provide information identifying the objector as a Settlement Class Member, the objector's address, whether the objector intends on appearing at the Fairness Hearing, and the reason or reasons for the objection, along with whatever legal authority, if any, the objector asserts supports the objection.

c. Any objections must be filed with the Clerk of Court at Gene Snyder United States Courthouse; 601 West Broadway; Louisville, KY 40202-2227.  Additionally, one copy of said written objection must be served upon each of the following counsel: Settlement Class Counsel: W. Lewis Garrison, Jr., Heninger Garrison Davis LLC, 2224 First Avenue North, Birmingham, Alabama  35203; CSXT's Counsel: Edward H. Stopher, 400 West Market Street, Aegon Center, Suite 2300, Louisville, Kentucky 40202-3346; and GE's Counsel: Jere F. White, Jr., Lightfoot Franklin White, The Clark Building, 400 20th Street North, Birmingham, Alabama 35203-3200.

14. Settlement Class Members who object in the manner provided herein remain Settlement Class Members and will be bound by the Settlement Agreement and Final Approval Order if finally approved following the Fairness Hearing.  Any person who fails to object in the manner provided herein shall be deemed to have waived his or her objections and shall

forever be barred from making any such objections in this lawsuit or in any other action or proceeding.

15. Settlement Class Counsel shall file their petition for Attorneys' Fees, Costs, and Expenses and petition for incentive awards for the Settlement Class Representatives and named plaintiffs in the individual actions no later than the date twenty one (21) days prior to the Fairness Hearing Date specified in Paragraph 7(c) of this Preliminary Approval Order.  Any Settlement Class Member or Party who wishes to file any objection to Settlement Class Counsel's fee petition or the petition for incentive awards shall file such objection in writing with the Court no later than seven (7) days prior to the Fairness Hearing.  Any objections shall be filed with the Clerk of Court at Gene Snyder United States Courthouse; 601 West Broadway; Louisville, KY 40202-2227. Additionally, one copy of said written objection shall be served upon each of the following counsel:  Settlement Class Counsel: W. Lewis Garrison, Jr., Heninger Garrison Davis LLC, 2224 First Avenue North, Birmingham, Alabama  35203; CSXT's Counsel: Edward H. Stopher, 400 West Market Street, Aegon Center, Suite 2300, Louisville, Kentucky  40202-3346; and GE's Counsel: Jere F. White, Jr., Lightfoot Franklin White, The Clark Building, 400 20th Street North, Birmingham, Alabama 35203-3200.

16. The Court appoints Mr. Edgar C. Gentle, III of Gentle, Pickens & Turner as the Settlement Administrator and designates Mr. Gentle as a Special Master under Federal Rule of Civil Procedure 53.  The scope of Mr. Gentle's duties as a Special Master is limited to the duties ascribed to the Settlement Administrator and Escrow Agent as set out in the Settlement Agreement.  All fees and expenses of the Settlement Administrator shall be paid exclusively from the Settlement Fund pursuant to the terms of the Settlement Agreement.  In no event,

regardless of whether the proposed Settlement Agreement is terminated or is otherwise not finally approved under FRCP 23(e), shall Defendants be responsible for any fees, costs or expenses of the Settlement Administrator.

17. The Court has considered the due process rights of absent Settlement Class Members and finds that such rights are adequately protected herein.

18. Defendants shall provide notice of this proposed class action Settlement Agreement to the Attorneys General of the United States and the State of Kentucky pursuant to the requirements of the Class Action Fairness Act, of 2005, Pub.L. 109 2, 119 Stat. 4 (2005).

19. Settlement Class Members must submit Claim Forms to the Settlement Administrator postmarked on or before Nov. 28, 2008.

20. The Subject Lawsuit is stayed pending the final determination of whether the Settlement Agreement should be approved, except those proceedings necessary to carry out or enforce the terms of the Settlement Agreement.

227129.1