IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| In re BULLITT COUNTY TRAIN DERAILMENT LITIGATION | § § § § | CIVIL ACTION NO. 3:07CV-24-R[1] <br><br> HON. THOMAS B. RUSSELL <br> JURY TRIAL REQUESTED |

## CLASS SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS CLASS SETTLEMENT AGREEMENT AND GENERAL RELEASE is entered

into and executed by and among the following Parties: CSX Transportation, Inc. ("CSXT"),

General Electric Capital Services, Inc. and General Electric Railcar Services Corp. (collectively

"GE"), and the Settlement Class (as defined below), acting by and through "Settlement Class

Counsel" (as defined below).

WHEREAS, the Settlement Class has asserted claims against the CSXT and GE

(collectively "Defendants") in the Actions (as defined below) in connection with the train

derailment, fire(s), environmental release(s) and cleanup that occurred near Brooks, Kentucky,

beginning on January 16, 2007;

WHEREAS, each Defendant denies and continues to deny any wrongdoing by it in

connection with the train derailment, fire(s), environmental release(s) and cleanup that occurred

near Brooks, Kentucky, beginning on January 16, 2007;

WHEREAS, Defendants and the Settlement Class desire to settle the disputes on the

terms and conditions stated herein without further litigation;

WHEREAS, the Plaintiffs and CSXT have been in litigation for more than 1 year,

including extensive document productions and settlement negotiations, including two mediation

---

[1] This Class Settlement Agreement applies to this captioned case, which includes the following cases consolidated into No. 3:07-CV-24 by order of the Court dated June 3, 2008: *Green, et al. v. General Electric Capital Services, Inc., et al.*; No. 3:08-cv-42; and *Fastrip, Inc. v. CSX*; No. 3:07-CV-66.

sessions with Magistrate Judge Dave Whalin, the Court-appointed mediator for this case; GE was added to the Litigation in early 2008 and thereafter participated in the negotiations and mediation which have led to this Class Settlement Agreement; and

WHEREAS, in consideration of the promises and the mutual covenants hereinafter set forth, the Settlement Class, acting by and through Settlement Class Counsel, and Defendants have agreed to this Class Settlement Agreement.

THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each Party hereto, IT IS HEREBY AGREED by the Parties, subject to Court approval, as follows:

## 1. DEFINITIONS

For purposes of this Agreement, the following terms shall have the meanings set forth below:

1.1    **"Actions"** means the putative class action lawsuits now pending that were filed by Settlement Class Members and which include all of the following as of the 14th day of August, 2008, and any and all actions arising out of the underlying facts that are filed on behalf of the Settlement Class Members who do not exercise their right to opt out:

*Roberta Green, et al. v. CSX Transportation, Inc.,* No. 3:07cv24-TBR-DW; In the United States District Court for the Western District of Kentucky, Louisville Division;

*Fastrip, Inc., et al. v. CSX Transportation, Inc.,* No. 3:07cv66-TBR-DW; In the United States District Court for the Western District of Kentucky, Louisville Division;

*Roberta Green, et al. v. General Electric Capital Services, Inc., et al.* No. 3:08cv42-TBR-DW; In the United States District Court for the Western District of Kentucky, Louisville Division;

1.2    **"Agreement"** means this Class Settlement Agreement including all exhibits.

1.3 "**Complaints**" means the complaints filed in the Actions identified in Paragraph 1.1 or any complaint or petition brought by any putative class representatives on behalf of the Settlement Class.

1.4 "**Court**" means the United States District Court in and for the Western District of Kentucky, the Honorable Thomas B. Russell, presiding.

1.5 "**Cy Pres Fund**" means the fund established by this Agreement consisting of any funds remaining in the Settlement Fund after (i) adjustment and payment of all Settlement Class Member claims as described in Article 9 of this Agreement, (ii) the reimbursement of all notice expenses as described in Article 4 of this Agreement, (iii) the payment of all Settlement Administrator fees and costs as described in Article 11 of this Agreement, and (iv) the payment of all Settlement Class Counsel's attorney's fees, expenses, and Settlement Class Representative incentive awards as described in Article 10 of this Agreement, and to be distributed as the Court directs in accordance with Section 9.3 of this Agreement.

1.6 "**Effective Date**" means the first date by which all of the events and conditions specified in paragraphs 13.1.1 through 13.1.4 of this Agreement have been satisfied and have occurred.

1.7 "**Extraordinary Damages**" means damage costs or expenses (including medical costs, other bodily injury damage, and property damage) that were (i) reasonable, (ii) necessary, (iii) supported by receipt or other appropriate documents as described in Section 9.2.5 of this Agreement, (iv) actually incurred, and (v) proximately caused by the train derailment, fire(s), environmental release(s) and cleanup that occurred near Brooks, Kentucky, beginning on January 16, 2007.

1.8    **"Fairness Hearing"** means the hearing at which the Court will consider whether to give final approval to this Agreement, approve, modify or deny an award of attorneys' fees, incentive awards, costs and expenses, enter the Final Approval Order, and make such other final rulings as are contemplated by this Agreement.

1.9    **"Final Approval Order"** means the Court's entry of the Final Judgment approving this Agreement.

1.10   **"Opt-Out Request"** means the request for exclusion as provided for in Section 5.1.

1.11   **"Ordinary Monetary Benefits"** has the meaning set out in Section 9.2.4 of this Agreement.

1.12   **"Party"** or **"Parties"** means the persons who have entered into this Agreement being the Settlement Class, acting by and through Settlement Class Counsel, and Defendants.

1.13   **"Person"** means a natural person, individual, corporation, association, limited liability company, partnership, limited partnership, joint venture, affiliate, and any other type of legal entity and their respective spouses, heirs, predecessors, successors, executors, administrators, representatives or assigns.

1.14   **"Preliminary Approval"** means the Court's order certifying the Settlement Class, directing notice to the Settlement Class, and preliminarily approving this Agreement and all exhibits under Federal Rule of Civil Procedure 23, where such approval is in substantially the same form as the Preliminary Approval Order attached as Exhibit A to this Agreement.

1.15   **"Released Claims"** means without limitation, any and all state and federal claims, actions, demands, rights, liabilities, suits, complaints, petitions, causes of action, whether known or unknown, including, but not limited to, strict liability, unjust enrichment, constructive

trust, breach of contract, fraud, misrepresentation, negligence, negligent misrepresentation, suppression, concealment, breach of express and implied warranty, violation of any state or federal statute or regulation, requests for damages, requests for injunctive relief, disgorgement of monies, requests for declaratory relief, requests for equitable relief of every nature and description whatsoever, and requests for attorneys' fees and costs, whether past, present or future, suspected or unsuspected, contingent or non-contingent, that were asserted or that could or might have been asserted in any pleading or amended pleading by or on behalf of the Settlement Class Representatives or Members, individually or as the Settlement Class, against Defendants, the Released Persons (both jointly and severally) and any other person based upon, arising from, or related to the facts alleged in the pleadings in any of the Actions, including, but not limited to: (i) the train derailment, fire(s), environmental release(s) and cleanup that occurred near Brooks, Kentucky, beginning on January 16, 2007 and the emergency response and cleanup efforts related to same, and (ii) the facts, transactions, events, occurrences, disclosures, statements, acts or omissions or failures to act which were or could have been alleged in any of the Actions or in any similar lawsuits based upon similar facts.

1.16 **"Released Persons"** means CSX Transportation, Inc., General Electric Capital Services, Inc. and General Electric Railcar Services Corp., any and all purported entities named as a defendant in any of the Actions, and each of their present and former, direct and indirect, divisions, parents, subsidiaries and affiliates; any partnership (whether limited or general) or joint venture of which any of the above is or was a partner or member; the predecessors, successors, insurers and assigns of any of the foregoing; all of the present and former agents, servants, officers, directors, employees, attorneys, consultants, advisors, owners, shareholders, members, partners (whether limited or general), of any of the above; and any other person or

entity who was or could have been responsible for the subject events relating to or arising from the train derailment, fire(s), environmental release(s), and cleanup that occurred near Brooks, Kentucky, beginning on January 16, 2007.

1.17    "**Settlement Administrator**" means the entity appointed by the Court to perform the settlement administration duties described in Article 9 of this Agreement. The Parties have recommended to the Court that Edgar C. Gentle, III serve as Settlement Administrator.

1.18    "**Settlement Class**" means a class to be certified by the Court pursuant to this Agreement solely for the purpose of effectuating this Agreement, as provided for in Section 3.3.

1.19    "**Settlement Class Counsel**" means the following lawyers: John Spainhour of Givhan & Spainhour, PSC, Lee Coleman of Hughes & Coleman, Barry Reed of Zimmerman Reed, PLLP, M. Scott Barrett of Barrett & Associates, and W. Lewis Garrison, Jr. of Heninger Garrison Davis LLC.

1.20    "**Settlement Fund**" means the qualified settlement fund created by Defendants' payments described in Sections 9.2.1 and 9.2.2 of this Agreement and used to pay the monetary benefits to the Settlement Class Members, the Settlement Class Counsel's attorneys' fees and expenses (including reimbursement of notice costs), the Settlement Class Representative incentive awards, and the Settlement Administrator's expenses and costs as described in this Agreement. All disbursements from the Settlement Fund shall be pursuant to the terms and conditions set out in the Escrow Agreement attached hereto as Exhibit B.

1.21    "**Settlement Class Member**" means a member of the Settlement Class.

1.22    "**Settlement Class Representative**" means Michael Robison, Joann McGaha, Rick McGaha, Gary Wilson, Russell Peacock, John Henry Eddington, Louis Weird, and Barbara Neuschwander, individually and as next friend to minor child L.B.

## 2. NO ADMISSION OF WRONGDOING OR LIABILITY

2.1     Nothing in this Agreement or in any final judgment, or order of dismissal entered in any of the Actions, constitutes an admission or concession of any liability or wrongdoing by Defendants or that there is any validity to any allegation in the Complaints.  The Parties shall not state or imply that the Defendants have admitted or conceded any liability or wrongdoing.  Nor shall they state or imply to anyone that, by this Agreement, or by any Party's proportionate payment to the Settlement Fund, any of the Parties have acknowledged any validity to or weakness in the claims to the Actions.  Neither this Agreement, the Final Approval Order, the fact of settlement, the settlement negotiations, nor any related documents or facts related to the settlement or settlement negotiations, shall be offered or received in evidence against any Party for any purpose in any proceeding other than (i) in such proceedings as may be necessary to consummate or enforce this Agreement, or (ii) in any action against or by Class Representatives or Class Members against or by any of the Released Persons to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense.  A breach of the provisions of Article 2 shall entitle the aggrieved person(s) to an injunction from any such future conduct and an award of attorneys' fees and costs associated in obtaining the injunction, but only against the Party, Settlement Class Member, or their respective counsel who breached this Article.

## 3. SETTLEMENT CLASS CERTIFICATION

3.1     Defendants agree that, solely for the purposes of this settlement and its implementation, they will not oppose the certification of a Settlement Class, as more particularly described in this Agreement.  The Settlement Class Members and Settlement Class Counsel agree that they will not use, suggest or offer the fact that Defendants did not oppose the

certification of the Settlement Class for purposes of settlement only as grounds to certify a class, including in the event this settlement is not consummated and finally approved.

3.2    Based on an analysis of the facts and the law and taking into account the burden and expense of litigation, as well as the fair, cost-effective, and assured method of resolving claims of the Settlement Class Members, Settlement Class Counsel has concluded that this Agreement provides benefits to the Settlement Class Members and is fair, adequate, reasonable, and in the best interest of Settlement Class Members.  The Parties and Settlement Class Counsel agree to recommend approval of this Agreement by the Court, and to support approval of this settlement as fair, adequate and reasonable.   Settlement Class Counsel further agrees to undertake their best efforts, including all reasonable and proper steps and efforts that may become necessary by order of the Court, to effectuate the terms and purposes of this Agreement, to secure the Court's approval, and to oppose any appeals from or challenges to the Final Approval Order.

3.3    For purposes of this Agreement, the term "Settlement Class" refers to a class to be certified by the Court under Federal Rule of Civil Procedure 23 subdivision (b)(3) solely for the purpose of effectuating this Agreement, and is defined as follows:

> All Persons or legal entities residing (as their primary residence), owning real property, or employed as their primary/full-time employment between January 16 and 19, 2007 in an area identified on the map attached as Exhibit C as the "Class Area."  The Class Area corresponds to a geographical area defined by (i) outside of a circle with a radius of 1500 feet measured from the center of the derailment site, and (ii) inside of a circle with a radius of 3.5 miles measured from the center of the derailment site.

## 4. NOTICE OF PROPOSED CLASS SETTLEMENT

4.1    Provided no appeal is taken of the Preliminary Approval of the Settlement Agreement and certification of the Settlement Class, Settlement Class Counsel agrees to provide

notice of the proposed settlement to the Settlement Class as required by Federal Rule of Civil Procedure 23 and all applicable due process requirements in accordance with the notice plan included as part of the Preliminary Approval Order attached as <u>Exhibit A</u>.  Subject to Court approval, that notice shall be provided as outlined in the notice plan included as part of the Preliminary Approval Order attached as <u>Exhibit A</u>.  The Parties also agree to provide the notice required by the Class Action Fairness Act, 28 U.S.C. 1715, to the appropriate federal and Kentucky state officials.

4.2     Settlement Class Counsel agrees to bear all costs and expenses of notice to Settlement Class Members pursuant to Paragraph 4.1 above, subject to the reimbursement provisions of Article 10 of this Agreement.  Settlement Class Counsel and Defendants agree that Spirit Environmental, Inc. will compile the list of names and addresses for individual notice.  CSXT will pay Spirit Environmental's invoice for this work, and CSXT will then deduct this notice-related expense from CSXT's monetary payment due under Paragraph 9.2.1.

4.3     The text of the notices to the Settlement Class as described by Paragraph 4.1, shall be substantially equivalent to the notices included with the proposed Preliminary Approval Order which is attached as <u>Exhibit A</u>.

## 5. OPT-OUT PROCEDURE

5.1     Settlement Class Members who want to be excluded from the Settlement Class must send a written request for exclusion clearly evidencing their desire to opt out of the settlement ("Opt-Out Request") and signed by them or their duly authorized representative with documentation of such representative authorization to:

In re: Bullitt County Train Derailment
c/o Settlement Class Counsel
W. Lewis Garrison, Jr.
Heninger Garrison Davis LLC
2224 First Avenue North
Birmingham, AL 35203

postmarked no more than fifty (50) days after the date of the Preliminary Approval Order, the exact calendar date to be specified in the Preliminary Approval Order of the Court.

5.2     Settlement Class Counsel, within seven (7) days from the running of the opt-out period, shall prepare a preliminary list of the names of all persons or entities who submitted an Opt-Out Request and will provide the list to the Defendants' Counsel. Settlement Class Counsel shall file with the Court, unless otherwise ordered by the Court, a final list of Persons who have elected to opt out of the Settlement Class within twenty one (21) days from the running of the opt-out period. Persons who submit a valid Opt-Out Request (and do not withdraw such request prior to the entry of the Final Approval Order) are not Settlement Class Members, and will not be bound by any final judgment entered in this case or the release contained in this Agreement. Opt-outs will also not be eligible for any of the benefits provided to Settlement Class Members under this Agreement

## 6. OBJECTION PROCEDURE

6.1.     Each Settlement Class Member wishing to object to the Settlement shall file a timely written notice of their objection postmarked no more than fifty (50) days after the date of the Preliminary Approval Order, the exact calendar date to be specified in the Preliminary Approval Order of the Court. The objection shall set forth the reasons for the Settlement Class Member's objection. The objection must be signed by the Settlement Class Member, or the objector's duly authorized representative (including attorney), and state (i) the objector's name and address, (ii) all bases claimed for Settlement Class Membership, (iii) whether the objector

plans to appear at the Final Fairness Hearing, and (iv) the reason or reasons for the objection, along with whatever legal authority, if any, the objector asserts supports the objection. The objection shall be filed with the Clerk of Court at the United States Courthouse, 601 West Broadway, Louisville, Kentucky 40202-2227. Additionally, one copy of the written objection shall be served upon each of the following counsel:

(1) Settlement Class Counsel: W. Lewis Garrison, Jr., Heninger Garrison Davis LLC, 2224 First Avenue North, Birmingham, Alabama 35203;

(2) CSXT's Counsel: Edward H. Stopher, 400 West Market Street, Aegon Center, Suite 2300, Louisville, Kentucky 40202-3346; and

(3) GE's Counsel: Jere F. White, Jr., Lightfoot Franklin White, The Clark Building, 400 20th Street North, Birmingham, Alabama 35203-3200.

## 7. FINAL COURT APPROVAL

7.1     After Notice is given pursuant to Paragraphs 4.1 through 4.3, the Settlement Class, acting by and through Settlement Class Counsel, and Defendants shall jointly move for the Court's final approval of this settlement, and agree to use their best efforts to obtain such approval under Federal Rule of Civil Procedure 23.

7.2     The Parties shall file with the Court an agreed Final Approval Order, Judgment and Order of Dismissal that (i) approves the class settlement as fair, adequate and reasonable under Federal Rule of Civil Procedure 23(e), (ii) dismisses the Actions with prejudice, (iii) enjoins all further litigation on the Released Claims, and (iv) enters final judgment (with continuing jurisdiction to administer the settlement), substantially in the form attached as Exhibit D ("Final Approval Order"). The proposed Final Approval Order shall be filed by the Parties prior to the Fairness Hearing.

7.3     The Settlement Class, acting by and through Settlement Class Counsel, shall use their best efforts to resolve any and all objections that may arise or be filed with respect to the Settlement.   Defendants will not be obligated to contribute any money for addressing or resolving any objector issue.

7.4     If any person, other than the Parties hereto, appeals the Court's Final Approval Order, the Parties will use their best efforts to defeat the appeal.

7.5     The terms of this Agreement are conditioned upon the Court's Final Approval Order being entered substantially in the same form attached as <u>Exhibit D</u> to this Agreement; and, in the event the Final Approval Order is appealed, the dismissal of said appeals or affirmance of the Court's Final Approval Order.

7.6     In the event of any appeal, all dates triggered after the date of Preliminary or Final Approval are stayed for the pendency of the appeal.

## 8. TERMINATION

8.1     If the Court or any appellate court enters a final, non-appealable order altering this Agreement in a way that materially and adversely affects the Settlement Class or either of the Defendants, the affected Party may void the Agreement within ten (10) business days from the date that such order becomes final and non-appealable by giving written notice of intent to the other Parties and the Court to void the Agreement as provided in this Agreement. Notwithstanding the above, the Court's entry of an order for Settlement Class Counsel's attorneys' fees, costs, expenses and incentive awards below the maximum fee and incentive award request (as described in Paragraph 10) shall not be grounds to void the settlement between Defendants and the Settlement Class set out in this Agreement.  The only remedy in the event of a fee request award below the maximum fee request shall be a separate appeal by Settlement

Class Counsel of the attorneys' fees, costs, expenses and incentive awards award provided by the Court.

8.2     Defendants jointly shall have the absolute right, in their sole discretion, to terminate this Agreement if (i) more than two hundred and fifty (250) Settlement Class Members file valid opt-out requests, or (ii) more than five (5) Settlement Class Representatives or other individual clients of Settlement Class Counsel, as designated in Exhibit E, file valid opt-out requests.  If either of the opt-out numbers referenced above is reached, and if Defendants in their sole discretion elect to terminate this Agreement, Defendants must provide notice of termination of this Agreement within ten (10) business days as provided in this Agreement after receipt of the Final List of Settlement Class Action Opt-Outs by the Court as described in Section 5.2.

8.3     The Parties agree that, if final approval of the Agreement is not achieved, or the Agreement is terminated and voided, the settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Parties, and the Parties further agree to jointly move the Court to vacate all Orders issued pursuant to the Settlement and certification of the Settlement Class.

## 9. SETTLEMENT CLASS RELIEF

9.1     <u>The Settlement is Fair, Adequate and Reasonable</u>

9.1.1    Based on an analysis of the facts and the law and taking into account the burden and expense of litigation, as well as the fair, cost-effective, and assured method of resolving the claims of Settlement Class Members, the Settlement Class by Settlement Class Counsel has concluded that this Agreement:  (1) is desirable to resolve in a final and complete manner the pending and potential claims related to the train derailment, fire(s), environmental release(s) and cleanup that occurred near Brooks, Kentucky, beginning on January 16, 2007 and

that are at issue in the Actions; (2) provides benefits to Settlement Class Members; and (3) is fair, adequate, and reasonable and they will submit this Agreement for Court approval.

9.1.2   The Parties have agreed to this Agreement to provide for the resolution of any and all disputes concerning the Settlement Class Members and Settlement Class Representatives arising from the train derailment, fire(s), environmental release(s) and cleanup that occurred near Brooks, Kentucky, beginning on January 16, 2007, and believe that this Agreement provides substantial and meaningful benefits to the Settlement Class Members.

9.1.3   CSXT and GE expressly recognize that this Agreement does not resolve any claims as between them or any of their subsidiaries (including but not limited to National Tank Car, Co. ("NATX")) for, *inter* alia, contribution, indemnity or any independent causes of action.  All parties agree that CSXT and GE preserve any and all claims as between them and their subsidiaries as well as any claims by either of the Defendants against any other Person and that such claims survive the execution of this Agreement notwithstanding any of the release language in this Agreement. The parties further agree that each Party's proportionate payment to the Settlement Fund does not constitute any evidence of the strength or weakness of any claim or any evidence of the proper apportionment of damages.

9.2   **Settlement Class Monetary Benefits**

9.2.1   Defendants shall make payments totaling $3 million (subject to the adjustments addressed in Section 4.2) to the Settlement Fund on or before the date 21 days after the Effective Date where the payments made by each Defendant shall be as follows:

by CSXT:       ███████████ (subject to the adjustments addressed in Section 4.2);

by GE:         ████████

9.2.2   CSXT has previously paid to individuals residing within the class area approximately $1.7 million as part of its voluntary assistance and claims process immediately

following the derailment. The Parties recognized that these monies are previously paid monetary benefits to the Settlement Class Members.

       9.2.3   In order to be eligible for monetary benefits under this Agreement, each Settlement Class Member must file a timely and properly-completed Claim Form (included as part of the Individual Notice attached as part of Exhibit A), including a declaration under the penalties of perjury in accordance with 28 U.S.C. § 1746, that all of the factual matters set out on the Claim Form are true and correct. The Settlement Class Member shall cooperate with the Settlement Administrator in providing such other and further information as may be reasonably requested and, if requested, will sign a records authorization release that may be utilized by the Settlement Administrator to obtain other pertinent records related to the Settlement Class Member's monetary benefit assessment under this Agreement. Failure to cooperate with the Settlement Administrator in a timely manner shall be a sufficient basis for denial of the claim, in whole or in part. The Parties will obtain a confidentiality agreement from the Settlement Administrator requesting that it treat any private information obtained from Settlement Class Members as confidential, subject to the requirements of the Court.

       9.2.4   Subject to the additional conditions set out below, Settlement Class Members shall be entitled to Ordinary Monetary Benefits according to the following matrix:

| Area designations | Minor personal injury and inconvenience[a] | Property damage[b] |
|---|---|---|
| AREA 1 (1500 feet to 1 mile from derailment, see Exhibit C) | $574.00 | $144.00 |
| AREA 2 (1 mile to 2 miles from derailment, see Exhibit C) | $344.00 | $86.00 |
| AREA 3 (2 miles to 3.5 miles from derailment, see Exhibit C) | $115.00 | $29.00 |

Notes: a. Applicable to Settlement Class Members who lived or worked full-time at a location within the designated area on January 16 through 19, 2007. Payments are per eligible natural person.

b. Settlement Class Members who only owned real property located within the designated area on January 16 through 19, 2007. Payments are per eligible real property.

Additional conditions:

- The payments in the table above are per eligible claimant, but only one payment will be made per eligible real property. Thus, a family of 4 owning their own home and living at the same real property will be eligible for four minor personal injury/inconvenience payments, but only one property payment.

- If a claimant previously received monetary benefits from the CSXT voluntary assistance and claims process following the derailment, then those prior payments will be offset (subtracted from) the benefits calculated above. There will be no double recovery. At the same time, no Class Member will be required to refund any money as a result of the offset.

- Only natural persons are eligible for benefits under this Agreement and each claimant may only make one claim even if he or she both lives and works within the Class Area (the claimant may chose the highest applicable payment category). A single claimant, who owns multiple real properties within the class area, however, may make a claim for each eligible property.

- Claimants must possess a social security number or federal tax ID number and provide that number with their Claim Form. In addition, the Claimants will be required to demonstrate residence, employment and/or land ownership in the class by producing a copy of a utility bill, driver's license, real property tax assessment invoice, payment stub or other similar document that contains the name and address of the claimant within the class area.

- In the event that the Settlement Fund is not sufficient to pay all eligible claims after complete assessment of the Claim Forms (including Extraordinary Damage claims) and payment of other costs, expenses, incentive awards and attorneys' fees approved by this Agreement, then the claim amounts in the above table shall be reduced proportionately on a pro rata basis until the available monies are sufficient to pay all eligible claims.

- If a claimant opts out of the Class Settlement, that opt out is effective as to all categories of claims.

- As is explained in greater detail in Section 9.2.9 and Exhibit F, the Ordinary Monetary Benefit table is based upon the assumption that 50% of the estimated Settlement Class Member population will submit Claims Forms.

9.2.5   In the event that a Settlement Class Member believes he or she has suffered actual damages that exceed the Ordinary Monetary Benefit amounts set out in the table in Section 9.2.4, he or she may submit a claim for Extraordinary Damages.  **Importantly, a claim for Extraordinary Damages is made in lieu of a claim for Ordinary Monetary Benefits, and as a result, a claimant who elects to submit a claim for Extraordinary Damages waives his or her right to collect the full amount of the Ordinary Monetary Benefits set out in Section 9.2.4.  This waiver applies regardless of whether the Settlement Administrator ultimately denies the Extraordinary Damage claim in its entirety or awards an amount that is less than the applicable Ordinary Monetary Benefits amount under Section 9.2.4.**  In the event that the Settlement Administrator denies the Extraordinary Damage claim in its entirety or determines an Extraordinary Damage amount that is less than 25% of the amount that the Settlement Class Member would have been entitled to if he or she had made a claim for Ordinary Monetary Benefits, then the Settlement Administrator shall award the Settlement Class Member with 0.25 times the Ordinary Monetary Benefit that the Settlement Class Member would be entitled to under Section 9.2.4.  Extraordinary Damages must be supported by receipts of actual expenditures or other documents that demonstrate an actual expense or other cost or damage actually incurred as a proximate result of the train derailment, fire(s), environmental release(s) and cleanup that occurred near Brooks, Kentucky, beginning on January 16, 2007.  The factual circumstances supporting the claim must be sworn to under penalty of perjury.  There will be no double recovery under this section for expenditures previously paid or reimbursed by CSXT as part of its voluntary assistance and claims process following the derailment.  Extraordinary Damages for an individual Settlement Class Member are capped at a maximum of $10,000, and the aggregate total amount of Extraordinary Damages

awarded in connection with this Agreement is capped at a maximum of $500,000.  In the event that the aggregate amount of valid and approved Extraordinary Damages claims equals an amount greater than $500,000, then all individual Extraordinary Damages claims will be reduced proportionately until the aggregate amount of awarded Extraordinary Damages is equal to $500,000.

9.2.6   All decisions by the Settlement Administrator as to whether a Settlement Class Member qualifies for Ordinary Monetary Benefits and the amount of Ordinary Monetary Benefits due shall be final.  Should a Settlement Class Member not agree with the Settlement Administrator's valuation of his or her claim for Extraordinary Damages, the Settlement Class Member shall have fifteen (15) days from receipt of the Settlement Administrator's assessment to file a dispute notice with the Settlement Administrator.

9.2.7   The Parties have agreed, subject to Court approval, to one or more third-party neutrals as required to review disputes regarding Extraordinary Damages valuations.  The Settlement Administrator shall provide a copy of its file and the claimant shall submit all documents that he or she would like the third-party neutral to review in assessment of the claim for Extraordinary Damages within 30 days of the notice required by Section 9.2.6.  The third-party neutral shall render his or her decision based on these submittals within 60 days of the notice required by Section 9.2.6.  The third-party neutral's decision shall be final.  Upon agreement between Defendants and Settlement Class Counsel, the Parties may add third-party neutrals as circumstances require, all subject to Court approval.

9.2.8   Settlement Class Members' Claim Form submittals must be postmarked within ninety (90) days after the date of the Preliminary Approval Order, the exact date to be specified in the Preliminary Approval Order.  Failure to submit a Claim Form within ninety (90)

days of the date of the Preliminary Approval Order shall result in permanent waiver of all remedies and release of rights, as set forth in Released Claims, except for claims arising out of the terms of this Agreement.

       9.2.9   The Ordinary Monetary Benefit amounts set out in the table in Section 9.2.4 were calculated based on a number of assumptions regarding the size of the Settlement Class population, the number of Settlement Class Members that will submit Claim Forms (50% of the estimated Class population), the number and amount of viable Extraordinary Damages claims, and the amount of any offsets from prior payments under the CSXT voluntary assistance and claims process (as set out in more detail in Exhibit F). As noted above, if available monies from the Settlement Fund are insufficient to pay all valid Ordinary Monetary Benefit claims, then the amounts in the table in Section 9.2.4 shall be reduced proportionately on a pro rata basis until the available monies are sufficient to pay all eligible claims. Alternatively, if the number of valid claims is less than anticipated and the Cy Pres Fund would otherwise exceed $400,000, then the Settlement Administrator shall petition the Court to increase the benefit amounts set out in the table in Section 9.2.4 on a proportionate pro rata basis such that the Cy Pres Fund is less than $400,000 but more than $300,000. The increased Ordinary Monetary Benefit amounts and revised Cy Pres Fund are subject to review and approval by the Court.

       9.2.10 The Settlement Administrator will provide Settlement Class Counsel, Defendants, and the Court with a final report within thirty (30) days of resolution of the last claim made, except as otherwise ordered by the Court. This final report shall set out: (1) the total number of Settlement Class Member claims received; (2) the total amount paid to Settlement Class Members, including payments made by the Settlement Administrator and prior payments under the CSXT voluntary assistance and claims process; (3) the total number of claimants

determined not to be class members; (4) the amount of Extraordinary Damages claims paid; and (5) the amount, if any, remaining in the Settlement Fund and thus available for the Cy Pres Fund. Upon reasonable notice and the request of Settlement Class Counsel, Defendants or the Court, the Settlement Administrator will provide periodic status reports during the pendency of the claims review process.

9.3     **Settlement Class Cy Pres Benefit**

9.3.1   If following completion of the claims process and the Court's acceptance and approval of the Settlement Administrator's final report as described in Section 9.2 there are funds remaining in the Cy Pres Fund, the Court shall designate an appropriate donee for the Cy Pres Funds.  Settlement Class Counsel and Defendants recommend to the Court that the Cy Pres Fund, if any, be distributed to the following charities:  50% to Safe Place, 2411 Bowman Avenue, Louisville, KY 40217, and 50% to the Bullitt County Chapter of the Court Appointed Special Advocates (CASA).

9.4     **Prior Releases Not Voided**

9.4.1   Prior individual releases signed by Settlement Class Members as a result of CSXT's prior claims process (or otherwise executed prior to this Agreement and addressing the Released Claims in whole or in part), shall remain in place and are not voided by this Agreement.

## 10. ATTORNEYS' FEES, COSTS, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

10.1    The Parties agreed to all substantive terms of this Agreement prior to reaching any agreement concerning attorneys' fees.  Settlement Class Counsel shall be paid reasonable attorneys' fees and out-of-pocket expenses (including the costs to provide notice to the absent class members as required under Rule 23) arising from their representation of the Settlement

Class Members in this case from the Settlement Fund. Settlement Class Counsel shall file a motion with the Court seeking such fees and expenses, and the Defendants agree to not oppose Settlement Class Counsel's fee application or appeal the amounts awarded as fees and expenses by the Court, as long as all fees and expenses are drawn exclusively from the Settlement Fund and the amount of the fees does not exceed $1,050,000.

10.2    Settlement Class Counsel's fee petition shall comply in all respects with the requirements of Federal Rule of Civil Procedure 23(h).

10.3    Settlement Class Counsel may at their sole discretion file a motion with the Court seeking incentive awards for the individual Settlement Class Representatives, and the Defendants agree to not oppose Settlement Class Counsel's motion for Settlement Class Representatives' incentive awards, as long as all incentive awards are drawn exclusively from the Settlement Fund and the amount of any one incentive award does not exceed $2,000.

10.4    Each claimant who submits a Claim Form for processing under this Agreement may be represented by claimant's counsel of the claimant's choice, but all fees and expenses for an individual claimant's counsel shall be paid by the claimant.

## 11. COSTS OF CLAIMS ADMINISTRATION

11.1    All costs necessary for the establishment and operation of the Settlement Fund claims administration procedures described in this Agreement, including fees of the Settlement Administrator, shall be paid from the Settlement Fund and approved by the Court.

11.2    The Settlement Administrator shall be entitled to a reasonable fee. These fees shall be paid from the Settlement Fund subject to Court approval of the Settlement Administrator's motion, which shall be submitted with the Settlement Administrator's final report as described in Section 9.2.10.

11.3    The Settlement Administrator may perform certain pre-Effective Date administrative services, including printing and distribution of the class notice, receipt of Claim Forms, development of claims administration procedures, and receipt and tabulation of opt-out notices.  The Settlement Administrator shall be entitled to a reasonable fee for such services according to the provisions of this Agreement and the Preliminary Approval Order; but in no event shall the Settlement Administrator engage in any pre-Effective Date services except where the services were expressly authorized in writing in advance by Settlement Class Counsel and the Defendants or their designated representatives.

11.4    In addition to all other rights under applicable law upon reasonable notice, Settlement Class Counsel and Defendants shall have the right to examine all books and records of the Settlement Administrator related to the processing of Settlement Fund claims under this Agreement.

11.5    All costs necessary for third-party neutral review of disputes regarding the Settlement Administrator's valuation of a Settlement Class Member's Extraordinary Damages Claims, pursuant to the procedure set forth in Section 9.2.7, shall be paid from the Settlement Fund and approved by the Court.

## 12. SETTLEMENT CLASS MEMBERS' RELEASE AND EXCLUSIVE REMEDY

12.1    **Complete Release**.  Settlement Class Members and each of them, hereby release and forever discharge the Released Persons and each of them, and their respective heirs, executors, administrators, predecessors, successors, insurers and assigns, of and from each, every and all Released Claims as defined in Section 1.15 of this Agreement.

12.2    In connection with the complete release in Section 12.1 and to the extent allowed by law, Settlement Class Representatives and Settlement Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in

addition to or different from those which they now know or believe to be true with respect to the Released Claims. Nevertheless, it is the intention of the Settlement Class Representatives and the Settlement Class Members to fully, finally and forever settle and release all such Released Claims, and all claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action) and accrued on or before the date that the Final Judgment and Order of Dismissal is entered. In this regard, Settlement Class Representatives and the Settlement Class Members expressly waive, to the extent allowed by law, any potentially applicable statutory or common law provisions that arguably provide otherwise (see e.g., Section 1542 of the Civil Code of the State of California provides that a "general release does not extend to claims which a creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," which if applicable to any individual Settlement Class Member's claim is expressly waived by this provision)

12.3   **Exclusive Remedy**. Submission of a Claim Form in accordance with the procedures set forth in this Agreement is the EXCLUSIVE method and remedy of all Settlement Class Members for any and all Released Claims. A Claim Form submitted hereunder shall be in lieu of any other remedy or right of action against the Released Persons for the Released Claims. Accordingly, no Released Person shall be subject to liability or expense of any kind to any Settlement Class Member with respect to any Released Claims, other than as set forth in this Agreement.

12.4   **Covenant Not To Sue**. Settlement Class Members shall not commence, prosecute, or cause to be commenced or prosecuted against, or with regard to the asserted conduct of any Released Persons any action or other proceedings based upon any Released

Claims. No Settlement Class Member has assigned, sold, or otherwise transferred any Released

Claims of any kind within the scope of this paragraph.

12.5 **Injunction Against Additional Litigation**. Upon Final Approval, all Settlement

Class Members shall be enjoined from filing or becoming part of any action, including, without

limitation, any putative class actions, filed against the Released Persons or or any other person or

entity, insofar as those actions relate to any of the Released Claims or otherwise interfere with

this Agreement or the settlement of the class action claims generally.

12.6 **Settlement Class Members' Agreement to Indemnify and Hold Harmless**.

The Settlement Class Members are responsible for satisfying all liens, subrogation interests

(including, but not limited to, subrogation claims brought by Medicaid, Medicare or private

health or property insurance companies), medical expenses, workers' compensation benefits, and

all other similar or related expenses pertaining to, arising out of or in connection with the

Released Claims. The Settlement Class Members will indemnify and hold harmless the Released

Parties against any and all such claims, suits, complaints or causes of action brought against any

of the Released Parties and pertaining to, arising out of or in connection with the Released

Claims. The Settlement Class Members will be responsible for the Released Parties' costs of

defending against these claims, suits, complaints and causes of action, including any legal fees

and court costs and agree to indemnify and hold harmless the Released Parties for all such fees

and expenses as set forth in this paragraph. The Settlement Class Members will be responsible

for paying any judgment against or settlement reached by the Released Parties in such claims,

suits, complaints and causes of action. The Released Parties are not responsible for the expenses,

costs or liabilities described in this paragraph, and Defendants' monetary obligations under this

Agreement are expressly limited to the settlement amounts set forth in Section 9.2.1 of this Agreement.

12.7    Each Settlement Class Member shall execute an individual general release as a part of submission of his or her Claim Form that is consistent with the provisions of this Article 12 and in a form approved by Defendants.

12.8    Nothing contained herein releases, nor shall be construed to release, any continuing rights of Settlement Class Members resulting from this Agreement and the remedies and benefits created and conferred hereby.

## 13. EFFECTIVE DATE OF THE AGREEMENT

13.1    The Effective Date on which the Agreement shall become effective and final is the last of all of the following events and conditions that have been met or have occurred:

13.1.1 The Parties, through their respective counsel, have executed this Agreement; and

13.1.2 The Court has, by entry of a Preliminary Approval Order, (i) certified the Settlement Class, and authorized Notice to be sent to the Settlement Class, and (ii) preliminarily found that the settlement set forth in this Agreement is fair, reasonable and valid, subject to any objections that may be raised at the Fairness Hearing, and (iii) approved the method of providing notice to the relevant Settlement Class set forth herein; and

13.1.3 The Court has entered a Final Approval Order approving this Agreement as fair, adequate and reasonable under Federal Rule of Civil Procedure 23; and entered a Final Judgment substantially identical to that attached as Exhibit D; and

13.1.4 Five (5) business days have passed after the latest of the following has occurred: (i) the time to appeal from the Final Approval Order and Final Judgment has expired and no notice of appeal has been filed; (ii) in the event of an appeal, any appeal from the Final

Approval Order and Final Judgment has been finally dismissed or the Final Approval Order and

Final Judgment has been affirmed on appeal in a form substantially identical to the form orders

entered by the Court; (iii) the time to petition for review with respect to any appellate decision

affirming the Final Approval Order and Final Judgment has expired; and (iv) if a petition for

review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted,

has resulted in affirmance of the Final Approval Order and Final Judgment by the Court in a

form substantially identical to the forms entered by the Court.

14. <strong>NOTICE</strong>

14.1   Any notice required to be given to the Settlement Class or its counsel or

Defendants on their counsel shall be given by United States mail or delivery service or by

certified mail, return receipt requested, to:

**FOR SETTLEMENT CLASS:**

> **W. Lewis Garrison, Jr.,**
> **Heninger Garrison Davis LLC**
> **2224 First Avenue North**
> **Birmingham, Alabama  35203**

**FOR CSXT:**

> **Edward H. Stopher**
> **Boehl Stopher & Graves, LLP**
> **400 West Market Street, Aegon Center, Suite 2300**
> **Louisville, Kentucky  40202-3346**
>
> **With copy to:**
>
> **Knox D. Nunnally**
> **Vinson & Elkins LLP**
> **2500 First City Tower**
> **1001 Fannin**
> **Houston, TX  77002**

**FOR GE:**

> Jere F. White, Jr.
> Lightfoot Franklin & White, LLC
> The Clark Building
> 400 20th Street North
> Birmingham, Alabama 35203-3200

## 15. SETTLEMENT CLASS COUNSEL'S REPRESENTATIONS AND WARRANTIES

Settlement Class Counsel represent and warrant as follows:

15.1    that Settlement Class Counsel will use their best efforts to encourage all potential Settlement Class Members to remain in the class and not opt-out;

15.2    that the consideration paid by the Defendants under this Agreement is paid in full satisfaction of all Released Persons' liability for all Released Claims of all Settlement Class Member(s); and

15.3    that Settlement Class Counsel is authorized to enter into this Agreement on behalf of all of the Settlement Class Representatives.

## 16. MISCELLANEOUS

16.1    No press release shall be issued by Settlement Class Counsel or Defendants' Counsel regarding this Class Settlement Agreement or the resolution of this matter unless the content of such press release is first agreed to by Settlement Class Counsel and Defendants' Counsel.

16.2    This Agreement constitutes the entire settlement among the Parties and supersedes all prior agreements or understandings between them relating to the settlement of the Actions.

16.3    The Parties acknowledge that this Agreement was jointly drafted, and agree that if any of its terms are ambiguous, that the rule of construction construing the ambiguity against the drafting party shall not be employed in the interpretation of this Agreement.

16.4     The Agreement shall be governed, construed by, and follow the laws of the State of Kentucky.  Jurisdiction and venue for all proceedings in connection with the Agreement, or arising as a result of any matter relating to this settlement, or addressed in the Agreement, shall be in the United States District Court in and for the Western District of Kentucky.

16.5     The Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Agreement, subject to approval by the Court.

16.6     To the extent any deadline set forth in this Agreement falls on a Saturday, Sunday, or legal holiday, that deadline shall be continued until the following business day.

16.7     The failure of any Party to perform any of its obligations hereunder shall not subject any Party to any liability or remedy for damages, or otherwise, where such failure is occasioned in whole or in part by Acts of God, fires, accidents, other natural disasters, interruptions or delays in communications or transportation, labor disputes or shortages, shortages of material or supplies, governmental laws, rules or regulations of other governmental bodies or tribunals, acts or failures to act of any third parties, or any other similar or different circumstances or causes beyond the reasonable control of such Party.

This Agreement may be executed in counterparts and shall be binding upon each Party and all Parties executing this or any counterpart.

Dated as of 14th day of August, 2008.

**Defendants**
CSX Transportation, Inc.

By: _____
Joseph M. Kelly
AVP-Risk Management

General Electric Capital Services, Inc. and
General Electric Railcar Services Corp.

By: _____
Print name:
Print title:

**Settlement Class acting by and through
Settlement Class Counsel**

By: _____
John Spainhour
Givhan & Spainhour, PSC

By: _____
Lee Coleman
Hughes & Coleman

By: _____
Barry Reed
Zimmerman Reed, PLLP

By: _____
M. Scott Barrett
Barrett & Associates

By: _____
W. Lewis Garrison, Jr.
Heninger Garrison Davis LLC

Houston 3673674v.6

08/14/2008 01:10:08 PM       ElectricInsurance       ElectricInsurance       Page 1

Dated as of 14th day of August, 2008.

**Defendants**
CSX Transportation, Inc.

By: _____
      Joseph M. Kelly
      AVP-Risk Management

General Electric Capital Services, Inc. and
General Electric Railcar Services Corp.

By: _____
      Michael J. McWeeney
      Managing Attorney
      Electric Insurance Company
      Executed per written authority dated 9/14/08
      by Michael James – Litigation Counsel
      GE Commercial Finance

**Settlement Class acting by and through**
**Settlement Class Counsel**

By: _____
      John Spainhour
      Givhan & Spainhour, PSC

By: _____
      Lee Coleman
      Hughes & Coleman

By: _____
      Barry Reed
      Zimmerman Reed, PLLP

By: _____
      M. Scott Barrett
      Barrett & Associates

By: _____
      W. Lewis Garrison, Jr.

Dated as of 14th day of August, 2008.

**Defendants**
CSX Transportation, Inc.

By:_____
          Joseph M. Kelly
          AVP-Risk Management

General Electric Capital Services, Inc. and
General Electric Railcar Services Corp.

By:_____
          Print name:
          Print title:

**Settlement Class acting by and through**
**Settlement Class Counsel**

By:_____
          John Spainhour
          Givhan & Spainhour, PSC

By:_____
          Lee Coleman
          Hughes & Coleman

By:_____
          Barry Reed
          Zimmerman Reed, PLLP

By:_____
          M. Scott Barrett
          Barrett & Associates

By:_____
          W. Lewis Garrison, Jr.
          Heninger Garrison Davis LLC

Houston 3673674v.6

Dated as of 14th day of August, 2008.

**Defendants**
CSX Transportation, Inc.

By: _____
       Joseph M. Kelly
       AVP-Risk Management

General Electric Capital Services, Inc. and
General Electric Railcar Services Corp.

By: _____
       Print name:
       Print title:

**Settlement Class acting by and through**
**Settlement Class Counsel**

By: _____
       John Spainhour
       Givhan & Spainhour, PSC

By: _____
       Lee Coleman
       Hughes & Coleman

By: _____
       Barry Reed
       Zimmerman Reed, PLLP

By: _____
       M. Scott Barrett
       Barrett & Associates

By: _____
       W. Lewis Garrison, Jr.
       Heninger Garrison Davis LLC

Houston 3673674v.6